DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## July, 1891.

---

JAMES W. TODD, APPELLANT, *v.* MORTON R. DOREMUS,
RESPONDENT.

*Justice's Court — issue must be joined on the return day of a summons and before
an adjournment — Code of Civil Procedure, sec. 2934.*

Upon the return day of a summons, issued out of the court of a justice of the
peace, the plaintiff in the action did not appear, but sent word that he desired
an adjournment. Upon the motion of the court the case was adjourned until
a later day, on which the plaintiff appeared, put in his complaint, proved his
case, and judgment was rendered in his favor, the defendant having failed to
appear.

*Held,* that no issue having been joined upon the return day the justice lost juris-
diction, and that the proceedings taken upon the adjourned day were void.

APPEAL by the plaintiff, James W. Todd, from a judgment and
order of the County Court of Westchester county, entered in the
office of the clerk of said county on the 7th day of March, 1891,
reversing the judgment of a justice of the peace of the town of
New Rochelle in favor of plaintiff, which latter judgment was
docketed in said clerk's office on the 12th day of January, 1891.

*C. H. & J. A. Young,* for the appellant.

*Frank M. Buck,* for the respondent.

HUN—VOL. LX     49

BARNARD, P. J.:

The plaintiff is an assignee of a claim for goods sold by J. H. & N. H. Martin to the defendant. He procured a summons from a justice of the peace returnable on the 5th of January, 1891. At the return day the plaintiff did not appear, but sent word that he desired an adjournment until some later period. The defendant appeared by counsel and asked to dismiss the proceedings because the plaintiff had failed to appear.

This application was denied and the case was adjourned, " on motion of the court," until the 12th of January, 1891, at which day the plaintiff proved his case and took judgment.

The defendant failed to appear. The complaint was not put in until the adjourned day.

The practice is settled upon the point presented. The statute requires that the plaintiff shall appear within the hour after the return hour. The issue is then to be joined. (Code, § 2934.)

The adjournment may be had after issue joined either upon the application of the plaintiff or of the defendant, or upon the motion of the justice himself.

When the justice adjourns the case without an issue he loses jurisdiction of the action even if the plaintiff appears and asks an adjournment to obtain counsel. (Duel v. Sykes, 13 N. Y. Supp., 166.)

If there be no appearance, judgment must be given for defendant. (Code, § 3013; Wilcox v. Clement, 4 Denio, 160.)

In this case there was no appearance and no issue and no refusal of defendant to plead, because there was no complaint put in. The justice, therefore, lost jurisdiction of the case and the judgment of the County Court should be affirmed, with costs.

PRATT, J., concurred.

Judgment of County Court affirmed, with costs.