In the Matter of Charges of Malfeasance against JOHN McKINNEY, Justice of the Peace.

*Justice of the peace — an illegal adjournment, not a ground for his removal — a proceeding used to harass a party.*

The act of a police justice in granting, upon his own motion, a further adjournment of a case which he has previously adjourned for six days, is void, and offers no ground upon which the defendant can base an application for the removal of the justice from office.

*Semble*, that if it should appear that legal proceedings were instituted or continued through the justice, for the purpose of harassing or annoying the petitioner, a case might be made where the justice might be compelled to make answer to the charge.

APPLICATION for an order removing John McKinney from the office of justice of the peace.

*William H. Hale*, petitioner, in person.

*John McKinney*, for the respondent.

PER CURIAM:

We have considered the application of the petitioner and have made ourselves acquainted with the contents of the petition, and conclude that the acts complained of are not sufficient to call upon the said justice to answer. Upon the return day of the summons which was served upon the petitioner, and which the petitioner answered by his appearance, the justice was authorized to adjourn the cause for a period not exceeding eight days. (Code Civ. Proc. § 2959.) This he appears to have done by an adjournment from the ninth day of April, the day upon which the summons was returnable, to the fifteenth day of April, a period of six days. The justice was thereafter possessed of no power to further adjourn the cause, and when, on the fifteenth day of April, the adjourned day, the justice assumed to grant a further adjournment, upon his own motion, such act was void, and he lost jurisdiction of the action. The petitioner could suffer nothing on account of this act. He was not bound to further appear before the justice, and there remained nothing against him at that time for which he could be called upon to answer. So far as appears, the justice was authorized to issue the summons in the first instance, and his action was legal up to the time when he assumed to further adjourn the cause upon the adjourned day. But we do not see how the defendant could be oppressed by that act, as the action, in consequence of that act, died. If it should appear that legal proceedings were instituted or continued through the justice, for the purpose of harassing and annoying the petitioner, a case might be made where the justice might be compelled by the court to make answer. They do not appear upon the present application.

The petition is, therefore, denied, without costs.

All concurred.

Petition denied, without costs.