STATE OF MONTANA, ex rel. WILLIAM R. KENYON,
Relator, *v.* E. J. LAURANDEAU, Justice
of the Peace, Etc., Respondent.

[Submitted May 4, 1898.   Decided May 23, 1898.]

*Justices of the Peace—Jurisdiction.*

1.  The docket of a Justice of the Peace must show affirmatively all the facts necessary to confer jurisdiction.
2.  Under Section 1621, a Justice of the Peace cannot enter a judgment in favor of the plaintiff, where he fails to appear at the time specified in the summons or within one hour thereafter.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

*Certiorari* by the state Montana, on the relation of William R. Kenyon, against E. J. Laurandeau, as justice of the peace in and for Silver Bow township, Silver Bow county, Montana. From a judgment for plaintiff, defendant appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

The record and the application for a writ of *certiorari* in this case show that one Joseph Milano commenced an action before M. L. Holland, a justice of the peace in Silver Bow county, on the 27th day of October, 1896, against J. Ross Clark, W. A. Clark, M. J. Connell, and the relator, W. R. Kenyon, as co-partners doing business under the firm name of J. Ross Clark & Co., to recover upon a partnership liability for rents of a certain building claimed by the plaintiff in the action. The summons issued in said action was served on W. A. Clark and the relator, and made returnable on the 2d day of November, 1896, at 10 o'clock a. m. On the return day of the summons, W. A. and J. Ross Clark appeared by counsel, and filed a general denial to the complaint. The relator did not appear. The justice's docket contains this entry:

"November 5, 1896. The legal time for answering having expired, and there being no answer or appearance on the part of the defendant W. R. Kenyon, the default of the said W. R. Kenyon is entered, for want of an answer or appearance." The justice's docket also contains this entry: "November 7. W. F. Cobban called, sworn, and examined as to default of W. R. Kenyon, whereupon the court orders and adjudges that the plaintiff do have and recover of the defendant W. R. Kenyon the sum of $120, and costs of this action, taxed at $13.00."

The case as to the Clarks was continued from time to time, as shown by the docket, by stipulation, until the 21st day of December thereafter, when the plaintiff dismissed the action as to them. On December 19th this relator filed a motion in the justice's court to set aside the judgment by default entered against him as shown above. This motion was denied on the 24th day of December. On the 12th day of January, 1897, the relator filed his application in the district court of Silver Bow county for a writ of *certiorari* directed to the justice of the peace, requiring him to make return of his proceedings in the above-entitled cause. The justice thereafter filed his return to said writ, and at the same time filed a motion to dissolve the same. Upon the hearing of said motion to dissolve, and after considering the merits of the case as shown by the application and return of the justice of the peace, the district court overruled the motion, and entered judgment annulling and setting aside the judgment entered in said cause by the justice. E. J. Laurandeau is the successor in office, as justice of the peace, of M. L. Holland. The defendant appeals from the judgment of the district court.

*John A. Shelton*, for Appellant.

*Forbis & Evans*, for Respondent.

PEMBERTON, C. J. The question presented, and the only one we will discuss, is as to whether—as shown by the above statement—the justice had jurisdiction to render the judgment complained of by the relator.

The justice's docket does not show that plaintiff appeared at the time specified in the summons, or within one hour thereafter. In such case, Subdivision 2, Section 1621, Code of Civil Procedure, provides the justice may enter judgment dismissing the case without prejudice to a new action, and for costs. The docket of the justice must affirmatively show that the plaintiff was present at such time, in order to give the justice jurisdiction to enter judgment against a defaulting defendant. It is not contended that the relator was present when judgment was rendered against him.

The statute of Nebraska upon the question here involved is as follows: "Section 6438 (Sec. 916). The parties are entitled to one hour in which to appear. after the time mentioned in the summons for appearance, but are not bound to remain longer than that time, unless both parties have appeared, and the justice being present, is engaged in the trial of another cause. In such case, the justice may postpone the time of appearance until the close of such trial." (Comp. St. Neb. 1895.)

Construing that statute, the supreme court of that state said in *Miller* v. *Plue*, 64 N. W. 232: "By section 916 of the code, the parties to a suit in a justice court are given one hour in which to appear, after the time named in the summons for appearance; and, unless the plaintiff appears within the hour, jurisdiction is lost, where the defendant makes default. So far as the justice's docket discloses, the case may have been called and judgment rendered before the hour mentioned in the summons, or several hours thereafter. The omission of the justice to state in his docket the hour for the appearance of the defendant, and the time when the case was called for trial, are jurisdictional defects, and render the judgment void. (*Mudge* v. *Yaples* (Mich.) 25 N. W. 297; *Post* v. *Harper* (Mich.) 28 N. W. 161.) The doctrine of presumptions in favor of the regularity of the proceedings of courts of general jurisdiction does not apply to courts of inferior and limited jurisdiction, but as to such courts the facts necessary to give jurisdiction must fairly appear from the record."

This Nebraska section does not provide, like our statute, that the justice may dismiss the action if the plaintiff fails to appear at the time named in the summons, or within one hour thereafter, but it gives each party one hour after the hour named in the summons to appear; and the court holds that, unless the justice's docket affirmatively shows that the plaintiff did appear within such time, the justice has no jurisdiction to enter judgment against a defendant who has not appeared.

The statute of Michigan provides that, if the plaintiff fails to appear within one hour after the time specified in the summons, the justice shall enter judgment of nonsuit against him.

In *Redman* v. *White*, 25 Mich. 523, interpreting this statute, the supreme court of that state said: "The failure of the plaintiff to appear within one hour after process is returnable works a discontinuance, and, of course, excludes all authority in the justice to give judgment for him. Now, if the proof afforded by the docket was so defective as not to show that the plaintiff appeared on any particular day out of several, it certainly did not show that he appeared within the time prescribed, to authorize the justice to render judgment for him. It therefore fails to show affirmatively, as is necessary, that the justice was possessed of authority to give the judgment in question, and was properly excluded."

In *Mudge* v. *Yaples* 25 N. W. 297, (Mich.) involving the same Michigan statute, the court says: "The appearance of the plaintiff within one hour of the time named on the return day of the summons must be affirmatively shown, when there is no appearance of the defendant, or jurisdiction is lost." The court also holds that this fact must be shown by the docket of the justice.

In *Brady* v. *Taber*, 29 Mich. 199, a trial was commenced before a justice. Witnesses were sworn on one day, and the cause, not being completed, was continued and held open until a succeeding day at 1 p. m. On the day to which the case was continued the justice's docket showed that neither party appeared, and that the justice thereupon entered judgment for the plaintiff. The court held the judgment void, saying: "The

failure of the plaintiff to appear on the adjourned day oper-
ated as a discontinuance of the suit, and deprived the justice
of all jurisdiction to render judgment against the defendant,
or any judgment except that of nonsuit and for costs.'' (See,
also, *Brown* v. *Carroll*, 16 R. I. 608, 18 Atl. 283; *Gaunt* v.
*Perkins*, 8 Or. 355.)

The authorities proceed upon the theory that, if the plaintiff
in a suit before a justice expects to obtain a judgment, it is
his duty to appear and prosecute his case. If the defendant
must appear to prevent judgment, why not require the plaint-
iff to appear also in order to obtain relief. We think the
plaintiff has no right to make default himself, by not appear-
ing, and depend upon the justice to take care of his case.
The justice has no right to practice law before himself, as he
would have to do if he must look after the interests of a non-
appearing plaintiff.

We think that, as in this case, where both parties failed to
appear within the time fixed by the statute, the justice lost
jurisdiction for all purposes except to do what the statute pro-
vides he may do in such event, namely, dismiss the case with-
out prejudice to another suit. The justice could only do what
the statute says he may do. He has no implied power or
jurisdiction. He must follow the statutory direction or per-
mission. If he could, in the absence of plaintiff, enter the
default of the defendant, and continue the case to a future
day to hear evidence, and render final judgment, as he did in
this case, why could he not, in the absence of both parties,
have called a jury, sworn and examined plaintiff's witnesses,
and rendered judgment against the absent defendant on the
return day of summons? We think it plain that a justice has
no such power. In the event of both parties failing to appear
at the time specified by law, the justice must look to the
statute to see what he may do. In such event the statute says
he may dismiss the suit without prejudice. He is given no
other authority, either expressly or by implication, in such
case.

We do not hold, nor is it necessary to a determination of

this case to hold, that if it should appear that plaintiff was prevented from appearing by sickness on the return day of the summons within the time required by law, or if on that day the justice should be sick or engaged in the trial of another cause, or if some other good reason should exist, the justice would lose jurisdiction by postponing the cause. But, as it is necessary that the justice's docket should show affirmatively all the facts and things necessary to confer jurisdiction, so it should show these facts, also, in order to preserve jurisdiction. None of these facts are shown by the docket in this case, nor is there any pretense that any such fact or facts existed. Jurisdiction can only be shown by the docket itself, as is held by the authorities cited above.

We are therefore of the opinion that the judgment of the justice involved in this proceeding was void for want of jurisdiction in the justice to render it. This conclusion renders it useless to treat other questions presented by the record.

The judgment appealed from is affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.