DRISCOLL, APPELLANT, *v.* CREIGHTON, RESPONDENT.

[No. 1,211.]

[Submitted April 16, 1900.  Decided April 30, 1900.]

*Justice of the Peace—Docket—Judgment by Default—Evidence—Jurisdiction.*

1.  A judgment by default rendered by a justice of the peace in plaintiff's favor when plaintiff fails to appear at the time set for the hearing of the case, is void for want of jurisdiction.
2.  The docket of a justice of the peace must show affirmatively facts necessary to confer jurisdiction.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Dennis Driscoll against Thomas Creighton. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Mr. Chas. O'Donnell*, for Appellant.

*Messrs. Howell & Harney*, for Respondent.

**PER CURIAM.**—Driscoll, plaintiff and appellant, brought this action in the district court of Silver Bow county, upon a judgment obtained for $62.75 and costs in a justice's court at Granite county on August 28, 1890. The action before the

justice was upon an account for goods sold and delivered by Driscoll to Creighton at his special instance and request. Creighton answered in the district court, pleading the statute of limitations, and generally denying the material allegations of the complaint.    Trial by jury.    Verdict and judgment for defendant.    Appeal from the judgment and order denying plaintiff's motion for a new trial.

Plaintiff offered in evidence the justice's docket, showing: that the complaint was filed with the justice of the peace on August 18, 1890; that summons was duly issued by said justice on that same day; that defendant on the same day "voluntarily appeared, and waived service of any summons in said action, and said he (the defendant) was ready for trial on Thursday, August 28th, at 3 o'clock p. m.; that the court set said case for said day at said hour; that on August 28th in the same year the above case was called at 3 o'clock p. m., and the defendant, Thomas Creighton, did not appear; that said case was continued for one hour, same day. At 4 o'clock p. m. on said day case called.   Defendant, Thomas Creighton, defaulted.   Whereupon the court ordered that judgment by default be entered up against the defendant by default of defendant for the amount sued for and costs of suit.    Said judgment ordered entered."    Defendant objected to the introduction in evidence of the record, and the court sustained the objection, and directed a verdict in defendant's favor.

There is but one question presented upon this appeal, viz: Did the justice's court in which the judgment sued upon in this action was entered have jurisdiction to render said judgment?    It is unnecessary in this case to decide whether the entry in the docket of the justice was sufficient *prima facie* evidence to show that the justice's court had jurisdiction of the person of the defendant by his voluntary appearance, for the reason that the docket is fatally defective in that it does not show affirmatively that the plaintiff appeared at the time set for the hearing of the case; it therefore falls squarely within the procedure prescribed by Section 786 of the First Division of the Compiled Statutes of 1887, and the principle

declared in *State ex rel. Kenyon* v. *Laurandeau,* 21 Mont. 216, 53 Pac. 536. It follows, therefore, that the judgment entered by the justice was void for want of jurisdiction. The district court did not err in sustaining the objection of defendant to the introduction in evidence of the justice's docket, and directing a verdict in defendant's favor.

Judgment and order affirmed.

*Affirmed.*