### SHERER v. CANNON.

#### (Steuben County Court. June 1, 1907.)

1. Justices of the Peace — Procedure — Adjournments — Loss of Jurisdiction.

   Code Civ. Proc. § 2959, provides that "at the time of the return of a summons, or of the joinder of issue without process, but at no other time, the justice may adjourn the trial of the action not more than eight days," etc. Held, that where a justice adjourned a trial for seven days on his own motion, and then held the case open on his own motion seven days longer, he thereby lost jurisdiction.

2. Same.

   Where there was no complaint filed in an action on the return day of the summons, orally or otherwise, there was nothing before the justice upon which he could adjourn the trial under the above provision, and by an adjournment under such circumstances he lost jurisdiction.

Appeal from Justice's Court.

Action by Fred J. Sherer against Emily Cannon. From a judgment for plaintiff, defendant appeals. Reversed.

Allen M. Burrell, for appellant.

Smith & Crane, for respondent.

BURRELL, J. The summons in this action was duly issued and served, and was returnable on January 14, 1907, at 9 o'clock a. m. On the return day of the summons the plaintiff appeared in person. The defendant did not appear. The case was thereupon adjourned upon the motion of the justice to January 21, 1907. On the adjourned day the plaintiff appeared by one H. E. Fenner, but not in person. The defendant did not appear. The case was thereupon held open until January 28, 1907, at 11 o'clock a. m., on the motion of the justice, on which day the plaintiff appeared and filed his complaint, the defendant not appearing, and judgment was thereupon taken against the defendant for $35, with interest from September 1, 1906, and costs, although there is no judgment formally entered in the minutes of the justice before me.

The appellant challenges the right of the justice to render any judgment in this action on the ground that he lost jurisdiction of the case by irregular adjournments. Section 2959 of the Code of Civil Procedure states:

"At the time of the return of a summons, or of the joinder of issue without process, but at no other time, the justice may, in his discretion and upon his own motion, adjourn the trial of the action not more than eight days," etc.

This section defines just what the justice can do, and does so very clearly, and that he can only do it on the return of the summons or joinder of issue without process. In the case at bar the first adjournment was for seven days. The justice then held the case open on his own motion seven days longer. This action on the part of the justice was clearly in effect an adjournment of the case on his own motion a second time, which he had no authority to do, and he thereby lost jurisdiction of the case. A justice who "adjourns a case for more than eight days, as authorized by sections 2959, 2960, loses jurisdiction. Moore v. Taylor, 84 N. Y. Supp. 519, 88 App. Div. 4; In re McKinney, 44 N. Y. Supp. 1097, 16 App. Div. 63. In Moody v. Becker (Co. Ct.) 70 N. Y. Supp. 543, the justice held the case open for five days after adjournments had been had, and it was held to be an adjournment, and the justice lost jurisdiction.

There is also another question presented in this case. There was no complaint filed in the action on the return day of the summons, orally or otherwise. Although the plaintiff was present, there was nothing before the justice to adjourn on, and no complaint was filed with the justice until the case was tried, some 14 days later. The statute allows an adjournment after issue, either upon the application of the plaintiff or on the motion of the justice himself, and when the justice adjourns the case without an issue he loses jurisdiction. Todd v. Doremus, 15 N. Y. Supp. 470, 60 Hun, 385; Duel v. Sykes, 13 N. Y. Supp. 166, 59 Hun, 117.

The adjournments by the justice being unauthorized, the judgment appealed from must be reversed, with costs to the appellant.

Judgment reversed, with costs.