In the Matter of the Judicial Settlement of the Accounts of ADDISON J. CUSHMAN, as Executor, etc., of E. WATTS CUSHMAN, Deceased.

In the Matter of the Claim of MOLLIE E. HOPKINS, Respondent; ADDISON J. CUSHMAN, Individually and as Executor, and Others, Appellants.

Third Department, March 7, 1917.

Decedent's estate — claim by stenographer of decedent based upon promissory note executed in his lifetime payable after death — trial before surrogate — stipulation that evidence should be received so far as applicable on all claims presented by claimant — waiver of rules of law — permission of surrogate to amend to conform to decision not reviewable — evidence establishing claim.

Where a stenographer of a decedent presented various claims against the estate, one of which was for the sum of $10,000 and was presented in the form of a bill, in which it was stated that the amount was represented

by a promissory note made, executed and delivered for value to the claimant by the decedent in his lifetime, payable one year after death, which note is in the possession, as the claimant is informed and verily believes, of the executor who has failed to produce the same, and it was stipulated upon the trial before the surrogate that all the evidence and testimony offered and received for and against any claim of the claimant should be considered as far as applicable as evidence in each other claim, and the bill rendered was the only pleading, and written pleadings were not then required, it cannot be said that the pleadings in the particular claim were confined to the issue of whether there was a promissory note for $10,000 or whether the estate owed the claimant that amount of money.

It is always competent for litigants to waive rules of law or statutory provisions made in their favor, where no considerations of public policy are involved, and having once consented to forego their rights they cannot afterward assert them.

Whether the claim was evidenced by a promissory note which had been destroyed or whether it rested on an express or implied contract to pay became of only incidental importance, and the question as to the permission of the surrogate "to amend to conform to this decision" is not properly before this court for determination.

Evidence examined, and *held*, sufficient to establish the claim for $10,000.

APPEAL by Addison J. Cushman, individually and as executor, and others from part of a decree of the Surrogate's Court of the county of Madison, entered in the office of said Surrogate's Court on the 24th day of July, 1916, allowing the claim of the respondent in the sum of $10,000.

*Albert Smith Sheldon* [*Charles A. Hitchcock* of counsel], for the executor, appellant.

*Theodore H. Jameson*, special guardian for Barbara Poor and Charlotte Poor, infants, and attorney in person, appellants.

*Morgan J. White* [*Carlos J. Coleman* of counsel], for the claimant, respondent.

WOODWARD, J.:

E. Watts Cushman appears to have been a prosperous attorney residing and having offices in the village of Hamilton, N. Y. He died on the 18th day of July, 1912, leaving a last will and testament. Addison J. Cushman, by the terms of said will, became the sole executor of the estate of said E.

Watts Cushman, and as such executor is the leading appellant before this court.   Mollie E. Hopkins, subsequent to the death of the testator, put in various claims against the estate, among them one for the sum of $10,000.   This claim was submitted in the form of a bill in which it was alleged that the estate of E. W. Cushman was indebted to Mollie E. Hopkins in the sum of $10,000, and, by way of explanation, it was said that "this amount is represented by a promissory note for said sum of ten thousand dollars, dated June 18th, 1909, made, executed and delivered, for value, to claimant, by the decedent, in his lifetime, payable one year after death, which note is in the possession, as claimant is informed and verily believes, of A. J. Cushman, the executor of the estate of said decedent; that claimant has been unable, after due diligence, to obtain possession of said note, and that the same and no part thereof has been paid."   This claim was duly verified and was subsequently, by agreement of 1913 as then provided by statute (Code Civ. Proc. §§ 1822, 2718, 2743), contested before the surrogate upon the final accounting, resulting in a decree directing the payment of such claim.   The executor and others appeal to this court from the decree in so far as it directs the payment of this claim and so far as it awards costs and disbursements to this claimant.

It was stipulated upon the trial that all the evidence and testimony offered and received for and against any claim of the claimant should be considered, as far as applicable, as evidence in each other claim, and upon this appeal we are not asked to consider any ruling upon the admission or rejection of evidence, except as to a ruling upon the testimony of the executor, which is not important to be considered in this relation. It thus appears that there were not only no pleadings in this case, other than the bill rendered by the claimant, but that there was an agreement among the parties that all evidence properly received in support of any of the several claims, or against them, should be taken into consideration in determining any one of such claims.   That is, the whole subject of the various claims was thrown open to investigation, under an agreement that the court might apply it in determining each

of the several claims, so that it cannot be fairly said that the
pleadings in this particular claim were confined to the issue of
whether there was a promissory note for $10,000, or whether
the estate owed the claimant that amount of money. Pleadings
in Surrogate's Court were not required to be in writing at the
time of this litigation (*Matter of Sheldon*, 158 App. Div. 843,
848), and even if they were it is always competent for litigants to
waive rules of law or statutory provisions made in their favor
where no considerations of public policy are involved, and hav-
ing once consented to forego their rights they cannot after-
ward assert them. (*Mayor, etc.*, v. *Manhattan R. Co.*, 143
N. Y. 1, 26, and authorities there cited.) Here there was a
stipulation that all evidence properly in the case in support of
any one of the claims might be used in connection with all of
them; it was in effect an agreement to abide by the evidence
produced, without any particular reference to the claim or
claims, and the technical question of whether the claim for
$10,000 was evidenced by a promissory note which had been
destroyed, or whether it rested on an express or implied con-
tract to pay, became of only incidental importance, and the
question now urged upon the consideration of this court upon
the permission of the learned surrogate to amend "to conform
to this decision" is not properly before us for determination.

The learned surrogate, in what is denominated a "decision,"
carefully reviews the facts and the law to the extent of thirty-
seven pages, and then says: "I, therefore, in view of all the
circumstances, hold that the estate of E. Watts Cushman is
indebted to Mollie E. Hopkins, the claimant, in the sum of
$10,000 with interest thereon from July 18, 1913. I base this,
not directly upon the note, but upon the agreement I have
mentioned, and the claim may be amended to conform to this
decision and the proofs." This, it seems to us, is entirely in
harmony with the stipulation and the course of the trial. The
evidence properly in the case is sufficient to establish that the
testator some two or three years before his death, as an
inducement to his stenographer to remain with him so long as
he lived, or practiced law, promised to aid her in the purchase
of a house, and to give her his note for $10,000, payable after
his death, together with such moneys in the meantime as she

should require in addition to sums which she earned from other lawyers. The evidence established that the testator did help the claimant, his stenographer and confidential clerk, to purchase a house; that he actually paid $1,000 upon the purchase price of a $2,000 place, and four witnesses, having no apparent interest in the matter, and all of them known to the surrogate who tried the case, testified in effect that the testator told them that he had an agreement with the claimant that if she would give over her intention of leaving Hamilton and remain with him he would give her the help and the note, and the surrogate has held that this was in fact agreed to and that the claimant had performed her part of the agreement.

The careful analysis of the evidence, in the light of all the authorities, and the evident purpose of the surrogate to act judicially in the premises, are sufficient to convince this court that the real merits of this controversy have been reached and mastered, and it would not be profitable to go over the matter again. Just what became of the promissory note, which the testator admitted had been made and delivered to the claimant, does not appear, but the equivocal testimony of the executor, who alone had access to the safe in which the testator said the note was contained, is, of itself, enough to give color to the claimant's contention that it was destroyed either by the testator or his brother, the executor. But, as the case was tried, it is not at all material what became of the note; the fact that the testator, for a consideration furnished by the claimant, had agreed to pay her $10,000 upon his death, is enough to sustain the decree, and beyond that no one need have any concern.

The decree should be affirmed, with costs.

Decree unanimously affirmed, with costs.