PETERSON, Respondent, *v.* FEELY, Appellant.

(No. 6,674.)

(Submitted November 12, 1930.   Decided November 28, 1930.)

[293  Pac.  667.].

*Mr. Leon L. Wheeler* and *Mr. Rudolph Nelstead,* for Appellant, submitted a brief; *Mr. Nelstead* argued the cause orally.

*Mr. Al. Hansen* and *Mr. Thomas M. Murn,* for Respondent, submitted a brief; *Mr. Murn* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On February 11, 1925, defendant Feely commenced an action against plaintiff Peterson in a justice court in Carter county for the recovery of $237.15. Summons was served on Peterson returnable on February 21. On the return .day Peterson appeared in person and filed an answer, and plaintiff Feely appeared by attorney. By consent the case was set for trial for March 21, at 9 A. M. and notice given to the parties. What transpired on March 21 is shown by the docket of the justice of the peace, as follows: "March 21, 1925, 1:00 P. M. Plaintiff appears by attorney Leon L. Wheeler. Letter from defendant asking postponement filed and postponement granted in accordance with such request to April 20, 1925, 1:00 P. M."

On April 20, on motion of Peterson, the case was again continued until May 20, at 1 P. M., upon condition that he, Peterson, file a bond within two weeks conditioned as provided in section 9670, Revised Codes 1921, and in case of failure to do so the application for a postponement was to be deemed denied, with the right in Feely to make proof of his cause of action at any time thereafter.

On May 20, at 1 P. M., Feely appeared before the court and Peterson defaulted. Feely then requested, and was granted, a postponement of the time for making proof to such time "as might be convenient." On June 26 Feely submitted proof and obtained judgment for the sum demanded. There-

after an abstract of the judgment was filed in the office of the clerk of the district court of Carter county. Execution was issued and levied upon certain real estate in Fallon county. The property was sold by the sheriff of Fallon county to Feely. A sheriff's certificate of sale and sheriff's deed were issued to Feely, as purchaser, and placed of record. Peterson thereafter, alleging the foregoing facts in his complaint, commenced this action to set aside the sheriff's deed upon the ground that the justice court had lost jurisdiction in the action before the entry of judgment and that, therefore, the judgment and all subsequent proceedings based thereon were and are void.

Plaintiff in this action also alleged generally that he was damaged in the sum of $1,500 by reason of the proceedings complained of and asked judgment in that amount. A general demurrer to the complaint was overruled. Defendant Feely answered, admitting all the facts alleged but denying generally the conclusion that the judgment in the justice court and the subsequent proceedings based upon it were void, and denying the allegation of damages suffered by plaintiff Peterson. General demurrer to the answer was sustained. Defendant failed to file an amended answer or to otherwise plead to the complaint. The cause was set for trial upon notice to counsel representing defendant. Plaintiff appeared at the time set for trial, but defendant did not. The court, upon hearing proof by plaintiff, entered judgment in his favor, declaring the sheriff's deed and certificate of sale void because of want of jurisdiction of the justice of the peace in entering the judgment, and awarded to plaintiff damages in the sum of $350. Defendant has appealed from the judgment.

The principal error assigned is that the court erred in holding that the sheriff's deed was void. The validity of the sheriff's deed was assailed upon the sole ground that the judgment upon which the sheriff's deed was based was void because the justice court, under the circumstances, had lost jurisdiction to enter it.

A justice court is one of inferior jurisdiction and no presumptions may be indulged in favor of its jurisdiction. (*Beck* v. *Felenzer*, 69 Mont. 592, 223 Pac. 499.)   Here, the record discloses that the case was set for trial on March 21 at 9 A. M. Under the command of section 9666, Revised Codes 1921, the trial of the action must have been commenced at the expiration of one hour from the time specified in the notice of trial. So far as the record discloses here, neither party appeared on March 21 at 9 A. M. or within an hour thereafter.   The record affirmatively shows that both parties appeared at 1 P. M. on that day, which would imply that they did not appear sooner.   But whether such an implication may properly be made is unimportant, for the settled rule is that the record of a justice court must affirmatively show all jurisdictional facts, and particularly that the plaintiff appeared at the time set for the hearing of the case.   (*Driscoll* v. *Creighton*, 24 Mont. 140, 60 Pac. 989; 16 R. C. L. 365, note 11.)   Since the record fails to show that Feely appeared at the time fixed for trial or within one hour thereafter, and fails to show a continuance of the hearing until 1 P. M. on March 21, in one of the modes authorized by statute or at all, it follows that the justice, after the lapse of one hour from the time fixed for the trial, lost jurisdiction for all purposes, save to dismiss the action without prejudice, as provided in section 9680, Id.   (*State ex rel. Kenyon* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; and see *Scott* v. *Brown*, 175 Mich. 447, 141 N. W. 857; *Todd* v. *Doremus*, 60 Hun, 385, 15 N. Y. Supp. 470; *Norris* v. *Bleakley*, 3 Abb. Pr. (N. Y.) 107.)

All subsequent proceedings in the justice court were in excess of jurisdiction.   It follows that the judgment of the justice court and the sheriff's certificate of sale and deed based upon the judgment were void, and the district court properly so held.

Defendant also contends and plaintiff conceded in the oral argument before this court that it was error on the part of the court to award damages to plaintiff.

Accordingly, the cause is remanded, with direction to modify the judgment by eliminating therefrom the money award in the sum of $350. As thus modified, the judgment will stand affirmed, each party to pay his own costs on appeal.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.