VAUGHAN *v.* SCREETON.

Opinion delivered May 11, 1931.

*S. Brundidge,* for appellant.
*W. A. Leach,* for appellee.

HUMPHREYS, J. The appeal in this case calls for a determination of two questions, namely: The validity of the execution sale and the correctness of the trial court's action in refusing to vacate the order confirming the commissioner's sale.

On the 15th day of November, 1929, appellees obtained a personal judgment against appellant for $17,818.08 on a promissory note and a decree of foreclosure and order of sale of certain real estate described in the deed of trust executed by him to them to secure the payment of same.

At the instance of appellees, an execution was issued on the judgment on the 27th day of January, 1930. The sheriff levied the execution upon 270 acres of land and lots 9, 10, 11, 12 in block 16 in Des Arc, all of which belonged to appellant; also upon 780 acres of land and lots 9 and 10 in block 72 in Des Arc, none of which belonged to appellant, and sold the property levied upon in bulk for $1,500 to appellees, who were the only bidders at the sale. Under the statute law of this State, an execution debtor is accorded the right to redeem his land within one year from the execution sale for the amount of the bid. Crawford & Moses' Dig., § 4329. To uphold the execution sale in the case at bar would result in a denial of this right because the property owned by him was not sold on a separate bid but in bulk with a large amount of other property which did not belong to him upon the single bid of $1,500. In order to have redeemed his own property from the sale, he would have been compelled to tender the whole amount of the bid, or $1,500, as there was no way to determine the amount bid for his part of the property. An execution creditor will not be permitted to thus burden and embarrass his judgment debtor in the exercise of his right to redeem.

We now proceed to a consideration of the trial court's action in refusing to vacate the order confirming the commissioner's sale under the decree of foreclosure. All the property described in the deed of trust was sold

by the commissioner named in the decree of foreclosure, notwithstanding a part thereof had been sold under said execution sale, in separate parcels, on the 3rd day of July, 1930, to appellees for the aggregate sum of $8,192.50. The sale was reported on the morning of the 5th day of August, 1930. Same was in all things approved and confirmed, immediately after which the court adjourned, and the judge left the city for his home. Appellant had employed an attorney to prepare exceptions to the sale and received them at 10:30 a. m. on the 5th of August, 1930. He would have received and filed them sooner had he not been in an automobile wreck on the night of the 4th of August. This wreck detained him, and he did not reach Des Arc until 10:30 on the morning of the 5th of August. He immediately called the clerk and was informed that the court had adjourned and the judge had gone home. Owing to this fact, he did not file the exceptions to the sale until August 13, 1930. The court met again in November and heard the motion to vacate the order confirming the sale upon the testimony adduced by both parties and overruled the motion, over appellant's objection and exception.

According to the decided weight of the testimony, the property was sold at a grossly inadequate price. Its value was in the neighborhood of $50,000 or $60,000, and it only brought $8,500. The fact that the title to part of the property was thus clouded may have been one reason why others did not bid on the property and why same sold for a grossly inadequate price. The sale should have been set aside for the reasons assigned.

Appellees argue that appellant was not diligent in filing his exceptions to the sale, but we think he was prevented from filing them sooner by an unavoidable casualty.

Appellees also argue that the decree of confirmation of the sale should not be overruled because court had adjourned until court in course at the time the exceptions were filed. It is true the court entered an order ad-

journing court in course on the 5th day of August, 1930, but the order was ineffective. In that chancery district it is provided by statute that court shall remain open at all times. This court said in the case of *Sanders* v. *McClintock,* 175 Ark. 633, 300 S. W. 408, that, "Under the act of 1923, as amended by the act of 1925, the term of chancery court in each county in the chancery district (referring to Chancery District No. 1, including Prairie County) continued until the arrival of the day designated by the statute for the beginning of another term of the same court for the same county. The evident purpose of the statute was to continue the term of court in each county from the beginning of the term until the opening of the next term in the same county." Under this ruling, the court had power over its decrees and might vacate, set aside, modify, and annul them at any and all times. The exceptions were not filed after, but before, the expiration of the term at which the sale was confirmed.

On account of the error indicated, the decree confirming the execution and commissioner's sales is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.