**L. J. TILLERY OIL CO., Inc., v. SNYDER.**

No. 2047.

Court of Civil Appeals of Texas. Beaumont. Sept. 22, 1931.

E. L. Reid, of Orange, for appellant.

W. E. Lea, of Orange, for appellee.

O'QUINN, J.

April 3, 1928, the Cameron-Anderson Oil Company owned a mineral lease situated in Orange county, Tex., and was operating same. On said date one W. D. Parker recovered a judgment in the county court of Orange county against said oil company in the sum of $202.50. September 27, 1928, an execution was duly issued out of said court on said judgment, and the sheriff of Orange county, acting under the authority of said execution, went upon the premises of said Cameron-Anderson Oil Company, viewed certain property situated thereon (pumping outfit), and levied on said property by noting on the back of the execution the following:

"Came to hand this the 27th day of September, 1928, at 10 A. M. and executed this the 27th day of September, 1928, at 3 P. M., by levying upon the following personal property of Cameron-Anderson Oil Company, to-wit:

"Tanks, standard rig equipment for pumping well located on Cow Bayou Oil Company's lease of the bayou leased from the state of Texas, next to the Gunstream lease of the Sun Oil Company at Orange oil field in Orange County, Texas."

In making the levy, as aforesaid, the sheriff stated to those in possession of said property that he was taking possession of said property under said execution and was going to sell same. The sheriff did not remove the property from the premises, but same remained on the premises where he found it, up to and until the bringing of the instant suit by appellee Snyder, nor did the sheriff place said property in the possession of any one to hold for him, but left same wholly in the possession of the person operating same at the time he made the levy. The property levied upon was situated about seven miles from the courthouse in Orange county. After levying upon said property, the sheriff took no further action as to said property, or exercised any authority over same, except to duly give notice of the time and place where same would be sold, to wit, October 30, 1928, at the courthouse door.

The property levied upon, as aforesaid, consisted of: "Two steel tanks about 16 ft. in diameter and 12 ft. high, a standard drilling rig equipment consisting of a wooden derrick about 40 ft. high, an electric motor for operating the rig in drilling for oil, steel drums for winding the cable in lifting the pipe, crown block, steel pulleys, one walking beam, tools and other parts necessary for the drilling of an oil well, and also 3215 ft. of iron pipe or tubing in the well for pumping same."

On October 30, 1928, within the hours prescribed by law, the sheriff of Orange county sold said property at the courthouse door of said county to appellee, B. J. Snyder. In making the sale, the sheriff made same by reading the description of the property levied upon as contained in his levy indorsed on the back of the execution, and sold said property in bulk as a whole. The property was not present at the sale, but, as above stated, was at the place where the levy was made, some seven miles from the courthouse. At the time of the execution sale, all of the property sold was susceptible of being exhibited to the view of those attending the sale, except the 3,215 feet of iron tubing which, at the time of the levy and the sale, was situated in the oil well and could not be viewed without being drawn out of the well, but which could have been done, and hence all of the property was susceptible of being exhibited to view if said sale had been made upon the premises where situated at the time of the levy.

After the sheriff's sale, as aforesaid, appellee, Snyder, claimed to be the owner of all the property purchased by him at said sale.

About a year after said sheriff's sale, the lessor of the Cameron-Anderson Oil Company had said mineral lease hereinbefore mentioned forfeited and set aside in the district court of Orange county, Tex., and thereafter leased the same to appellant, L. J. Tillery Oil Company, and in connection with said lease sold to appellant all personal property situated on said premises, and thereafter it claimed the property, the 3,215 feet of tubing, and took possession thereof. On January 11, 1930, appellee, Snyder, brought this suit to recover the 3,215 feet of tubing, same being a portion of the standard drilling equipment purchased by him at the execution sale, and in the alternative for its market value, and sequestrated said property. Appellant duly replevied the property. The market value of tubing at the time of replevy was $562.-62. The value of the other property sold, and not here in question, was a substantial portion of the whole property sold. The tubing is the only property here involved.

Appellee, plaintiff below, sued appellant for the tubing, alleging that he bought same at execution sale and that appellant had taken possession of same and had appropriated it to its own use. Appellant, defendant below, answered by general demurrer, several special exceptions, general denial, and specially that the levy by the sheriff on the property in question, its sale to appellee, and the bill of sale given to appellee by the sheriff to said property, were void and of no effect, because the sheriff, in levying upon said property, the same being personal property, did not take same into his actual possession, as required by law, and did not keep said property in his actual possession, nor the possession of any one for him, up to the time of the sale, and that the sheriff did not have said property

in his possession and present at the court-house door at the time of the attempted sale of same, as required by law, said property then and there being susceptible of being so exhibited, but that same was, at the time of said sale, situated at the place where same was levied upon, some seven miles from said courthouse, the place of sale.

The case was tried to a jury. At the close of the evidence appellant moved the court for an instructed verdict in its behalf, which was denied, and the case then submitted to a jury upon special issues, in answer to which the jury, among other things, found that the tubing in question was a part of the standard rig equipment for pumping described in the sheriff's sale to appellee, and that said tubing was worth 17½ cents per foot. On the findings of the jury, judgment was rendered for appellee for title and possession of the tubing, and the appellant having replevied the property, judgment was rendered against appellant and his sureties on the replevin bond for the value of the property in the sum of $562.62. From that judgment appellant brings this appeal.

Appellant presents three propositions for the reversal of the judgment:

(a) "Plaintiff's right to recover being based upon title derived through a sale under execution of personal property, and the evidence conclusively showing that the sheriff, in attempting to levy on the property sold under the execution, did not take such personal property into his possession at the time of making such levy, or at any time thereafter, and did not keep such property in his possession from the time of the making of such levy until the time of sale, such levy was void, and the subsequent sale made by virtue of such attempted levy was void, and plaintiff acquired no title thereunder."

(b) "Plaintiff's right to recover depending upon the validity of his title acquired through a sale under an execution of personal property, was not entitled to judgment in his favor, the evidence conclusively showing that such property was susceptible and capable of being exhibited at a sale thereof under execution and that it was attempted to be sold under execution at the courthouse door, but that at the time of such attempted sale such property was not in the possession of the sheriff and was not present at the place of sale, but was situated about seven miles from the place of sale, such attempted sale being a nullity and plaintiff acquiring no title thereto."

(c) "Plaintiff's right to recover depending upon the validity of his title to personal property acquired through his purchase of such property at a sale under execution, was not entitled to judgment in his favor, the evidence conclusively showing that a portion of such personal property was susceptible and capable of being exhibited at a sale thereof under execution, and that the value of such part was a substantial portion of all the property sold, and further that such property was sold as a whole, or in bulk, at the courthouse door and at the time of such sale no part of said property attempted to be sold was in the possession of the sheriff nor present at the place of such attempted sale, but all of it was situated about seven miles from the place of sale, such attempted sale being a nullity and plaintiff acquired no title thereto."

Appellant contends that because of each and all of the foregoing propositions its request for a peremptory instruction should have been granted, and that the judgment should here be reversed and rendered in its favor.

We shall discuss the second proposition first. The property levied upon was personal property. The portion here in controversy was iron tubing situated at the time of the levy and sale down in an oil well about seven miles from the courthouse, the place of sale under the execution. The law requires an officer, in making a levy under execution upon personal property, to take the property into his possession. Article 3793, R. S. 1925. That he shall keep securely all personal property levied upon by him for which no delivery bond has been given. Articles 3799 and 3801, R. S. 1925. That the sale of personal property taken in execution shall be made on the premises where it is taken in execution or at the courthouse-door of the county, or at some other place, if, owing to the nature of the property, it is more convenient to exhibit to the purchasers at such place. Article 3811, R. S. 1925. That personal property shall not be sold, unless the same be present and subject to the view of those attending the sale, when it is susceptible of being thus exhibited, with certain exceptions, which do not here apply. Article 3813, R. S. 1925. The sale was made at the courthouse door, and no portion of the property levied upon was at the place of sale. The law provides the several places where personal property taken in execution may be sold. The primary purpose of the law, relative to the place of sale, is that it shall be where the property may be exhibited to those attending the sale, if susceptible of being exhibited, that they may have the opportunity of viewing the property and thus, perhaps, enhancing its sale value. The instant property was susceptible of being exhibited, even at the courthouse door, but especially at the place of levy. These statutes, articles 3811 and 3813, are clear, unambiguous, and mandatory. They must be complied with or the sale is void. The law will excuse the presence at the sale only when the nature of the property is such as to prevent its being exhibited.

Hopping v. Hicks (Tex. Civ. App.) 190 S. W. 1119 (writ refused); Dickinson Paper Co. v. Mail Publishing Co. (Tex. Civ. App.) 31 S. W. 1083; Gunter v. Cobb, 82 Tex. 598, 606, 17 S. W. 848; Flemming on Void Judicial Sales (3rd Ed.) § 31.

Our holding that the sale under execution was void, it follows that the court erred in not granting appellant's motion for an instructed verdict, and renders it unnecessary to discuss the other questions presented. The judgment is reversed and judgment here rendered for appellant.

Reversed and rendered.