BROWN *v*. VAUGHAN.

Opinion delivered October 12, 1931.

*W. A. Leach,* for appellant.

*S. Brundidge,* for appellee.

HUMPHREYS, J.  This is an appeal from a decree of the chancery court of Prairie County adjudging an execution sale of certain personal property belonging to appellee to be void on the ground that the levy on part of the property was illegal since same was sold in bulk.

On November 15, 1929, appellant obtained a judgment in said court against appellee for $17,818.08, and a decree of foreclosure of lands described in a mortgage executed by appellee to him to secure the indebtedness. In addition to the order of sale of the lands, the court also ordered the sheriff that in levying a general execution which appellant had caused to be issued on said judgment with directions to levy same upon certain personal property of the appellee, including his law library,

to constitute said appellee the custodian thereof and to sell said library in his office. The sheriff proceeded to the law office of appellee, seized certain property belonging to appellee, listed same, and left it in his custody pursuant to the order of the court. The return of the execution was to the effect that he sold the property described in the list attached to the execution to appellant at the place designated for the sum of $750.

Appellee filed a motion to vacate the sale on the ground, among others, that the sheriff included in the sale in bulk more property than he levied upon and left in the custody of appellee

Appellant filed a response denying that more property was sold than was levied upon and also controverting the other grounds set up in the motion.

The court heard testimony adduced by the parties responsive to the issues joined with the result stated above.

The undisputed facts in the record revealed that the sheriff proceeded with the execution to the office of appellee and listed certain property upon which he levied and left same in the custody of appellee; that, after returning to his own office, his attention was called by appellant's attorney to the fact that he had failed to include in the list one set of American Law Reports, Crawford & Moses' Digest, and one set of Words & Phrases complete, which appellee owned; whereupon, he added the books mentioned to the list without going back and seeing them and later advertised and sold all the books upon the list in bulk to appellant for $750.

It is contended by appellant that this is a collateral attack upon the execution sale, and that the written return of the sheriff upon the execution to the effect that he levied upon all the property listed is conclusive and cannot be questioned by oral testimony showing how the levy and list was made. Learned counsel for appellant is in error as to the character of this attack. It is a direct attack upon the levy of the execution issued on the judgment rendered in the cause and the sale of the

property thereunder. This being true, the manner and character of the levy was susceptible of proof by oral testimony.

According to the oral testimony, undisputed, the property specifically mentioned above was not seized by the sheriff. He never reduced the particular books mentioned to possession. He failed to assume dominion over them at the time he made the first list of books when in appellee's office. It was necessary to do this in order to make a legal levy. 23 C. J. Executions, § 224.

According to the undisputed oral evidence, the whole property, that legally levied upon and that illegally levied upon, was sold in bulk, so that it is impossible to determine how much the property legally levied upon sold for. The procedure necessarily rendered the sale void. *Vaughan* v. *Screeton*, 183 Ark. 816, 39 S. W. (2d) 299.

No error appearing, the decree is affirmed.