HERBERT D. STONER, Respondent, *v.* ONEIDA MOTOR CAR COMPANY, Appellant.

County Court, Madison County, November 16, 1934.

*Calli & Nemeti*, for the appellant.

*Woolsey & Woolsey*, for the respondent.

CAMPBELL, J. This is an appeal from a judgment of a justice of the peace rendered against the defendant on April 28, 1934. The case involves the sale, value and ownership of an automobile. The defendant bases his appeal on several points, and among these are two which the court deems of importance.

First, it is the contention of the appellant that the Justice's Court lost jurisdiction because issue was not joined on the return day as provided by section 125, subdivision 1, of the Justice Court Act, which provides as follows: " Pleadings must be made and issue joined: 1. At the place and within one hour after the time specified in the summons for the return thereof."

The case was adjourned several times, with the consent and understanding of both parties. Appellant cites several cases which hold that, if the parties do not join issue on the return day, the Justice's Court loses jurisdiction. (*Todd* v. *Doremus*, 60 Hun, 385; *Moody* v. *Becker*, 70 N. Y. Supp. 543.)

It is conceded by appellant's attorney that he appeared and consented to the adjournments from time to time. It would appear that appellant consented to all that was done, and waived the provisions of section 125 of the Justice Court Act. He did not appear specially, but states that he on numerous occasions asked plaintiff's counsel for a copy of the complaint. It is always competent for litigants to waive rules of law or statutory provisions made in their favor where no considerations of public policy are involved, and, having once consented to forego their rights, they cannot afterwards object. (*Matter of Cushman*, 177 App. Div. 127, 130; *Mayor, etc., of City of New York* v. *Manhattan R. Co.*, 143 N. Y. 1.)

In view of the defendant's appearance, consent and subsequent request for the complaint, it is the opinion of this court that there was a waiver by defendant, and it cannot now be heard to complain.

The other point or question in the mind of the court is a more serious one, and, were it not for subsequent developments, would require a reversal of the judgment. The plaintiff acquired title, or claims to have acquired title, by virtue of a sale under an execution issued by the same justice of the peace whose decision is appealed from. Between the day of the levy under the execution and the sale, the auto had been taken from the place where it was stored and advertised to be sold by the constable. At the time of the sale the automobile was not present and in view of the people attending the sale as specifically required by section 706 of the Civil Practice Act. Such a sale is illegal. (*Stonebridge* v. *Perkins*, 141 N. Y. 1; *Shimer* v. *Mosher*, 39 Hun, 153.)

Counsel for plaintiff contends that this provision was waived by the plaintiff in this action and the judgment creditor at the sale. The judgment debtor did not waive. In order to be effective, the waiver must be given by the judgment debtor. It is mostly for his benefit that the section was enacted. Unless this be true, it would be within the power of the judgment creditor to perpetrate the most outrageous fraud on the judgment debtor. It does not appear he took away or secreted the property. If it did appear that the judgment debtor caused the removal of the property, he probably could not be heard to complain.

Respondent cites section 1873 of the Penal Law of this State, which makes it a misdemeanor to so remove property advertised

for sale. It is respondent's contention that the constable was justified under this provision in proceeding with the sale without the consent of the judgment debtor. It would seem that the purpose of this section is to aid the sheriff in complying with the requirements of section 706 of the Civil Practice Act rather than to relieve him from such compliance. Said enactment is for the protection of both of the parties concerned as well as the public. This point is vital, and, were it not for the other developments in the case, it would require reversal.

However, it further appears from the record that the plaintiff, in company with the constable who made the sale, had a conversation with defendant's president, when the defendant advised the plaintiff to confer with Mr. Nemeti, one of its counsel, and a member of the firm of Calli & Nemeti. Mr. Nemeti stated to plaintiff that he could have the car. Mr. Nemeti was not called as a witness to deny or explain his statement. It seems to the court that, in view of this evidence, it was a question of fact for the justice to decide whether or not there had been a compromise. An action may be maintained which is founded upon the compromise of an illegal claim. (*White* v. *Hoyt*, 73 N. Y. 505; *Sears* v. *Grand Lodge A. O. U. W.*, 163 id. 374, 379.)

On this evidence, the justice was warranted in finding an accord and satisfaction of the differences between the parties to the action. (*Shapiro* v. *Karon*, 118 Misc. 741; *Moers* v. *Moers*, 229 N. Y. 294.)

The appellant also raises the question that the case could not be adjourned for more than eight days. These adjournments were all made with the consent of appellant's attorney. The question of adjournment is covered by sections 157 and 180 *et seq.* of the Justice Court Act. No reasonable ground can be found by which appellant can claim surprise. This is clearly a technicality as is contemplated by section 451 of the Justice Court Act.

For the foregoing reasons, the judgment is affirmed, with costs.