291 P.2d 874

**JOY MANUFACTURING COMPANY, Plaintiff-Appellant,**

Earl Minshall d/b/a The Idaho Diamond Drill & Contracting Company, Defendant-Appellant,

v.

**R. S. McCLINTOCK DIAMOND DRILLING COMPANY, a corporation, Defendant-Respondent.**

No. 8256.

Supreme Court of Idaho.

Dec. 20, 1955.

James G. Towles, Kellogg, for appellant Joy Mfg. Co.

James P. Keane, Wallace, for appellant. Minshall.

Eugene F. McCann, Wallace, for respondent.

TAYLOR, Chief Justice.

R. S. McClintock Diamond Drilling Company (respondent) commenced an action February 26, 1954, against Earl Minshall d/b/a The Idaho Diamond Drill & Contracting Company (appellant), and levied attachment upon personal property of the defendant. Judgment was entered against the defendant on July 19, 1954. In the district court that case was No. 12105.

March 24, 1954, the Joy Manufacturing Company (appellant) commenced an action against Minshall and the McClintock Company and obtained a judgment against Minshall July 21, 1954, which judgment provided that the Joy company was entitled to prorate in the proceeds of the attached property. This was action No. 12113 in the district court.

Upon a writ of execution issued in case No. 12105, the sheriff noticed the property for sale "on the 26th day of July, 1954, at 2:00 o'clock P.M., Pacific Standard Time * at public auction at the Seventh Street Entrance to the Shoshone County Courthouse, at Wallace, Idaho". The property—consisting of numerous items of diamond drilling machinery, equipment, tools and supplies —was listed in "Exhibit A" attached to the notice. At the foot of the third page of articles itemized appears the following: "And other miscellaneous tools, equipment and supplies used in and around diamond drilling operations."

Shoshone County is in the Pacific time zone, but by agreement of the officials of its municipalities the business and affairs of the people of the county are conducted by Mountain Standard Time. At 2:00 o'clock, p. m., Mountain Standard Time the deputy sheriff called the sale. The McClintock company's representative, being the only bidder present, the entire property was sold to that company on a bid of one dollar. At 2:00 o'clock Pacific time (3:00 o'clock Mountain time) debtor Minshall and a representative of the Joy company appeared. The error in time appearing, the first sale was vacated and the property again offered. None of the property was present at the sale. Minshall objected and protested the sale on that ground, and the deputy in charge offered to take any bid-

ders present to the place where the property was stored to enable them to examine it, and advised that the sale would have to be postponed until a car could be procured for transportation. In the meantime, a jeep truck and a Sullivan 22 gas driven diamond drilling machine were sold to the McClintock company—the jeep for $50 subject to a mortgage of $780; the diamond drill for $25. This drill, together with 2,000 feet E drill rods, 1,000 feet A drill rods, one lot miscellaneous supplies, a Sullivan air driven drill, a Worthington air driven pump, 500 feet E drill rods, 500 feet A drill rods, one lot of miscellaneous tools, and 150 feet EX casing, was subject to a mortgage of $1,000 plus some interest. These additional items covered by the mortgage were sold to McClintock company for one dollar.

At four o'clock a car was made available to take bidders to the property. Minshall and the Joy company representative declined to go out to view it. All the rest of the property was then sold to the McClintock company for $500. The representative of the Joy company declined to bid in view of the protest by Minshall and declined to go on the inspection tour, expressing the opinion that the mines where the property was located would be closed before it could be examined. It appears that some of the property was stored at the Star Mine, some at the Hecla and some at a third place. Minshall testified the property would possibly weigh around three or more tons. The attorney for the McClintock company testified that some of the equipment was heavy, bulky and unwieldy, and that it was impractical to bring it to the courthouse.

July 29, 1954, the Joy company filed a motion to vacate the sale on the grounds the property was not within the view of those who attended the sale; that it was not sold in parcels likely to bring the highest prices; and that the sale was noticed with reference to Pacific time rather than Mountain time. This motion was filed in case No. 12113, and was based upon the records and files in both actions. A hearing was had before the court on this motion on August 17, 1954. The Joy company and Minshall appeared in support of the motion and the McClintock company appeared in opposition. After hearing the testimony adduced the motion was denied. This appeal followed.

Respondent has moved to dismiss the appeal on the ground that the motion was made in case No. 12113, and the sale having been had upon execution issued in case No. 12105, the court had no jurisdiction in case No. 12113 to act upon the motion. No objection to the jurisdiction was made in the trial court. Respondent appeared and participated in the hearing without raising the question. Both actions were pending before the same court. The plaintiff in the first action was made a defendant in the second by appropriate allegations based upon the provisions of §

8–503, I.C., by which the Joy company sought and obtained a judgment against the McClintock company entitling the Joy company to participate in the proceeds of the attached property. Thus the two actions became interrelated, and the court in the second action retained a supervisory jurisdiction to see that its judgment, providing for the prorating, was carried into execution. Allis-Chalmers Mfg. Co. v. Hays, 339 Ill. 230, 171 N.E. 178. Having jurisdiction of all interested parties, the court had jurisdiction to hear and determine the motion. Cf. Kellogg v. Southwestern Lumber Co. of New Jersey, Tex.Civ.App., 44 S.W.2d 742; Bird v. Kitchens, 215 Ark. 609, 221 S.W.2d 795; 33 C.J.S., Executions, § 227e. Any procedural objection which may have existed was waived by failure to raise it in the trial court. Webster v. Potlatch Forests, 68 Idaho 1, 187 P.2d 527; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686. Motion to dismiss is denied.

Section 11–304, I.C., governing the conduct of sales on execution, among other things provides:

"* * * When the sale is of personal property, capable of manual delivery, it must be within view of those who attend the sale, and be sold in such parcels as are likely to bring the highest price; * * *. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels, or of articles which can be sold to advantage separately, and the sheriff must follow such directions."

Minshall's direction that the property be sold piece by piece was not complied with. There was reason to depart from that request as to articles covered by the thousand dollar mortgage. 33 C.J.S., Executions, § 210 b, p. 450. As to the rest of the property, it must be conceded that none of it being present, a compliance with the debtor's direction became impracticable, and under such circumstances the reasonableness of his direction could not be determined. The sale in absentia of the property described as "other miscellaneous tools, equipment and supplies used in and around drilling operations" was a farce.

The crucial defect in the sale was the entire absence of the property from the view of the bidders. Most, if not all, of it was "capable of manual delivery". The fact that some of it may have been heavy and bulky would not excuse failure to comply with the statute. It was not shown that it could not be moved to the place of the sale at reasonable cost, nor was there any showing that it was not practicable to gather the property at one or more of the storage points referred to and hold the sale there. No sufficient reason for noncompliance with the statute was shown and it was error to deny the motion to vacate the sale. Hopping v. Hicks, Tex.Civ.App., 190 S.W. 1119; L. J. Tillery Oil Co. v. Snyder, Tex.Civ.App., 42 S.W.2d 282;

Brown v. Vaughan, 184 Ark. 364, 42 S.W. 2d 558; Stoner v. Oneida Motor Car Co., 154 Misc. 97, 275 N.Y.S. 426; 33 C.J.S., Executions, § 207 c.

The order is reversed and cause is remanded with directions to vacate and set aside the sale.

Costs to appellants.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.