WILCOX, APPELLANT, v. TOSTON STATE BANK ET AL., RESPONDENTS.

(No. 3,766.)

(Submitted April 20, 1917. Decided May 10, 1917.)

[165 Pac. 292.]

*Justices of the Peace—Service of Summons—Residence of Defendant—Jurisdiction—Waiver.*

Justices of the Peace—Service of Summons—Residence of Defendant.
    1. *Held,* under section 6986, Revised Codes, that in the absence of a showing that defendant in an action in a justice of the peace court of L. & C. county could not be found and served with summons in B. county, where the action against him accrued and the county of his residence, service of summons in L. & C. county was void, and did not confer jurisdiction upon the justice to try the cause.

    [As to effect of irregularity or error in summons issued by justice of the peace, see note in Ann. Cas. 1914A, 1085.]

Same—Want of Jurisdiction—Waiver.
  2.  Defendant, in an action in a justice of the peace court, did not
    waive objection to want of jurisdiction over his person, by present-
    ing an answer containing a counterclaim, where he insisted at every
    stage of the proceedings that the justice did not have jurisdiction.

*Appeal from District Court, Lewis and Clark County; J. M.
Clements, Judge.*

Action by Ida J. Wilcox against the Toston State Bank and
another. From judgment for defendants, plaintiff appeals.
Affirmed.

*Messrs. Carleton & Carleton,* for Appellant, submitted a brief;
*Mr. Frank E. Carleton* argued the cause orally.

*Mr. Walter Aitken,* for Respondents, submitted a brief and
argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This action was commenced in a justice of the peace court of
Lewis and Clark county by filing a copy of an account as follows:

"Shelby, Mont., June 28, 1915.
John C. Clarke and Toston State Bank to Mrs. Ida J. Wilcox,
    Dr.
  1914.
April 27.   To money deposited with you on my acct....$200 00
            To interest ........................... 2 65
                                                   ─────────
            Total.....................$202 65"

Service of summons was made in Lewis and Clark county
upon Clarke personally and as cashier of the bank.   The defend-
ants appeared specially and moved for a dismissal upon the
ground that the court had no jurisdiction of the person of either
defendant.   The motion was supported by affidavits to the effect
that the defendants are residents of Broadwater county; that
the contract upon which plaintiff sues was made and was to be
performed in Broadwater county, and that service of summons

was made while defendant Clarke was temporarily in Helena. The motion was denied, and defendants then demurred, but the demurrer was overruled. The bank answered by way of a general denial, and Clarke interposed a separate answer containing denials of all the material allegations of the complaint and a counterclaim for $71.85. Upon the trial it appeared from the testimony of the plaintiff that her cause of action accrued in Broadwater county, and defendants again moved for a dismissal. The motion was denied and defendants, declining to introduce any evidence, suffered judgment to be taken against them and appealed to the district court. Upon motion of defendants the district court reversed the judgment of the justice of the peace and entered judgment dismissing the action without prejudice, and for defendants' costs. From that judgment plaintiff prosecuted this appeal.

1. Did the justice of the peace court acquire jurisdiction over [1] the person of defendants by virtue of the service of summons upon them in Lewis and Clark county? The place of trial of an action in a justice of the peace court is governed by section 6986, Revised Codes. Each of the first three subdivisions of that section in terms deals with a specific cause of action which accrues in a county other than the county of defendant's residence. Subdivision 4 is vague, but, when considered in the light of former statutes dealing with the same subject, we think it clear that this subdivision was intended to cover all other cases than those enumerated in the first three subdivisions wherein the cause of action accrues in a county other than the county of defendant's residence. It cannot refer to a cause of action which accrues in the county of defendant's residence.

Section 1480 of the Code of Civil Procedure of 1895 (Rev. Codes, sec. 6986) regulated the place of trial of actions in justice of the peace courts from 1895 to 1899. The place of trial of an action which accrued in the township of defendant's residence was in the place of his residence. (Subd. 9.) Section 1480 was amended in 1899. A slight amendment was made to

subdivision 5, and it was renumbered 4. Subdivision 9 was amended and renumbered 7. As under the former statute the only provision governing the place of trial of a cause which accrued in the same township as defendant's residence was the last subdivision of section 1480, so the only statute now governing the place of trial of a cause of action which accrues in the same county as defendant's residence is the last subdivision of section 6986. Such action shall be tried in the county where defendant resides, if he can be found and served with summons therein; but if he cannot be found and served in that county, then the action may be commenced and prosecuted in any county where he may be found and served. In the absence of a showing that these defendants could not be found and served in Broadwater county, the justice of the peace of Lewis and Clark county acquired no jurisdiction of the person of either defendant by virtue of the service of summons.

2. Did defendant Clarke waive objection to the want of jurisdiction over his person by presenting an answer containing a counterclaim? At every stage of the proceedings, defendants insisted upon their objection to the jurisdiction of the justice of the peace of Lewis and Clark county. If that court were one of general jurisdiction wherein formal pleadings are required, there might be merit to the contention that defendant Clarke submitted to the jurisdiction by filing his counterclaim; but a copy of an account serves the purpose of a complaint in a justice of the peace court (sec. 7007, Rev. Codes), and the answer may be oral (sec. 7005, Rev. Codes). If the defendant has a counterclaim not exceeding $300, it must be set up or it is waived. (Sec. 7010, Rev. Codes.) The complaint in this instance gave no intimation that defendants reside in Broadwater county or that plaintiff's cause of action accrued in that county. It was not until the trial that the latter fact was made to appear, and when it did appear the counterclaim had already been filed.

It was not necessary for defendants to appear specially and challenge the jurisdiction of the inferior court. They were authorized to present whatever defenses they had, and upon trial

for the first time raise the question of want of jurisdiction. Section 7047, subdivision 4, recognizes such right. (*Holbrook, Merrill & Stetson* v. *Superior Court,* 106 Cal. 589, 592, 39 Pac. 936.) So long as defendant Clarke did not voluntarily submit to the jurisdiction of the inferior court, he did not waive his right to object that it was without jurisdiction over him.

The judgment of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.