STATE EX REL. WESTERN ACCIDENT & INDEMNITY CO., RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,314.)

(Submitted November 25, 1918. Decided December 2, 1918.)

[176 Pac. 613.]

*Supervisory Control—Change of Venue—Insurance—Contracts —Place of Performance—Burden of Proof—Payment—Evidence—Conclusions.*

Contracts—Payment—Statute.
1. Where a contract is silent as to the place of payment, the law imports into and makes a part of it by implication a provision that the debtor must, in order to perform his obligation, pay or tender payment to the creditor where the latter may then reside or conduct business or be found. (Rev. Codes, secs. 4932, 4933.)

Same—Venue—Residence.
1a. The residence of plaintiff at the time it commenced suit against defendant surety company fixed the rights of the parties in respect of the place of trial in so far as residence was the controlling factor, its residence at any subsequent time being immaterial.

Contracts—Insurance—Place of Payment—Change of Venue.
2. *Held,* on supervisory control, under the rule above that where a contract of indemnity did not designate any specific place for payment in case of loss to the insured, defendant company was required to make payment at the place of business or residence of the insured, and that therefore the county wherein such place was situate was the place of trial of an action by the insured to recover for loss sustained, and a motion for change of venue to the county of defendant surety company's residence was properly denied.

---

For authorities discussing the general rule that parol evidence is not admissible to vary, add to or alter a written contract, see note in 17 **L. R. A.** 270.

Same—Change of Venue—Domestic Corporations—Residence.
  3.   When the question arises in an action in which a domestic corpora-
  tion is a party, whether or not a change of venue shall be had, the
  principal place of business of the corporation is its residence.

Same—Change of Venue—Burden of Proof.
  4.   The burden of showing that a place other than the residence of
  plaintiff was agreed upon as the place where payment should be made
  under a contract of indemnity, was upon defendant company on its
  motion for a change of venue to the county of its residence.

  [As to change of venue, see note in 74 **Am. Dec.** 241.]

Change of Venue—Affidavits—Conclusions.
  5.   Statements in affidavits filed by defendant indemnity company in
  support of its motion for a change of venue, to the effect that the
  contract of indemnity sued upon was to be performed by making pay-
  ment at its home office, *held* legal conclusions and without evidentiary
  value.

APPLICATION for writ of supervisory control by the State, on
the relation of the Western Accident & Indemnity Company,
against the District Court of the Seventh Judicial District in
and for the County of Richland, and C. C. Hurley, Judge
thereof.   Proceeding dismissed.

*Mr. O. W. McConnell* and *Mr. F. J. Matoushek,* for Relator,
submitted a brief; *Mr. McConnell* argued the cause orally.

*Messrs. Walsh, Nolan & Scallon,* for Respondents, submitted
a brief; *Mr. C. B. Nolan* argued the cause orally.

MR. JUSTICE PIGOTT delivered the opinion of the court.

This proceeding is an application for the writ of supervisory
control.   Relator is the defendant in the action of *Equity
Co-operative Association* v. *Western Accident & Indemnity
Company, a Corporation,* which was brought and is pending in
the district court of Richland county.   The relief sought is the
annulment of an order of respondents' court and judge denying
the defendant's demand for a change of venue from Richland
county to Lewis and Clark county, and a direction to respond-
ents to enter an order changing the place of trial to Lewis and
Clark county.

The sole ultimate question involved is: Was the contract upon
which the action is founded to be performed in Richland county
or in Lewis and Clark county?   If it was to be performed in

the former county, the relator is not entitled to any relief; if it was to be performed in the latter county, the relief must be granted.

The petition in support of the application for the writ exhibits, in substance, these facts: The complaint in the action states that the plaintiff is and at all the times mentioned therein has been a corporation of Montana and engaged in business at Enid, Richland county; that the defendant—relator in this proceeding—at all such times has been and now is a corporation of Montana engaged in the business of bonding and indemnifying against loss, with its principal office and place of business at Helena, Montana; that the defendant, therein called the surety, made a contract with the plaintiff, therein called the employer, by which it covenanted that if the plaintiff should suffer pecuniary loss by certain wrongful acts on the part of an employee named, the defendant would pay the plaintiff such loss not in excess of $3,000,—"Provided, however: * * * 2. That within ten days after the discovery of any loss, the employer shall have delivered notice thereof to the surety, at its home office in Helena, Montana. 3. That within ninety days after the discovery of such loss, the employer shall have delivered to the surety, at its home office in Helena, Montana, written claim stating the items and the dates of the losses. 4. That no suit, action or proceeding shall be brought against the surety by the employer within two months after the delivery of such statement of claim, * * * "; that during the life of the contract the plaintiff suffered such loss in the sum of $10,263.-35; that plaintiff has complied with all the requirements and conditions of the contract on its part to be performed; and that none of the provisions of the contract has been altered or waived by the parties. Summons was served upon defendant at its home office and place of residence at Helena, in Lewis and Clark county. Defendant made timely demand for an order changing the place of trial from Richland county to Lewis and Clark county, basing it upon the papers and pleadings in the action and two affidavits, the latter averring, among other things not

here material, that the defendant's principal place of business has always been, and now is, in Lewis and Clark county; that the contract was made and was to be performed at Helena in that county; "that notice of the discovery of any loss by the plaintiff under said bond was required by the terms and conditions thereof to be given to the defendant at its home office in Helena, Montana. That the written claim by the plaintiff upon the defendant to be reimbursed for any loss is expressly required by the terms of said bond to be delivered to the defendant at its home office, in Helena, Montana. That any claim that would be paid under said bond would be paid through the home office of the defendant company in the city of Helena, Montana. That the contract herein sued upon was to be performed at the city of Helena, in the county of Lewis and Clark, state of Montana, and not in the county of Richland, state of Montana"; that the articles of incorporation certify its principal place of business to be in Helena, Lewis and Clark county, and that the defendant is a resident of that county. In resisting the motion and demand for the change of venue the plaintiff showed by affidavit that its principal place of business and office was at Enid, in Richland county. The respondents denied the demand and retained the action for trial in Richland county, and thereupon the present proceeding was commenced in this court. An order to show cause why the writ of supervisory control should not issue was made, which respondents move to quash upon the ground that the petition is insufficient to entitle the relator to relief.

Upon the showing thus made, relator contends that under the provisions of section 6504 of the Revised Codes, as interpreted by this court in *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030, the demand for change of venue should have been granted. It is argued that the contract was to be performed in Lewis and Clark county. The case cited is to the effect that an action upon a contract, whether it be express or implied, or in part express and in part implied, must, upon demand of the defendant, be tried in the

county in which the contract was to be performed, subject only to the power of the court to change the venue for one or more of the reasons enumerated in divisions 2, 3 and 4 of section 6506 of the Revised Codes; and further, that for breach of a contract to pay money, the county in which the contract was to be performed is the county in which the money was to be paid; and it was held, also, that since a plaintiff is entitled to bring his action in the county where the contract was to be performed, he may, if the place of performance does not appear from the complaint, defeat the defendant's demand for change of venue to the latter's residence by affidavit disclosing that the contract was to be performed in the county where the action was begun.

1. Relator insists that the contract upon its face shows that [2] the payment to the plaintiff for which the defendant covenanted must, when due, be made at Lewis and Clark county, pointing to the admitted facts that the defendant's home office, as well as its principal place of business, always has been and is in that county, that the contract was made and delivered there, and that both the notice and claim of loss are required to be made there, and also to the provisos. But these facts as to residence and place of business do not of themselves show, or raise a presumption, that it was the intention to perform the contract by payment in that county. Nor do the provisos, as a whole, evidence such intention. They are for the benefit of the defendant and for its protection, and have nothing whatever to do with appointing a place at which payment shall be made in event of loss. Compliance by the plaintiff with the requirements of provisos 2 and 3 is a condition necessary to the creation of any actual liability or debt, though the relation of debtor and creditor may be said to have had a potential existence at least from the day of the loss, if not, indeed, from the delivery of the contract; yet such compliance did not make the debt or liability due or then instantly payable, for proviso 4 postpones the accrual of any right of action by the plaintiff for the period of two months after it shall have complied with the stipulations of provisos 2 and 3, thereby granting to the defendant a space

of time during which it might rightfully refuse payment. So it should seem to be clear that the plaintiff's compliance with the second and third provisos—that is, by delivering the notice and the claim to defendant at Lewis and Clark county—could not have made the money then and there immediately due, whatever might have been the effect in that respect without the presence of the fourth proviso,—were that proviso eliminated, application of the familiar rule declared in section 5046 of the Revised Codes that if no time is specified for the performance of an act required to be performed and such "act is in its nature capable of being done instantly—as, for example, if it consists in the payment of money only—it must be performed immediately upon the thing to be done being exactly ascertained," might perhaps make Lewis and Clark county the place where payment was to be made. In essence the contract is that if the plaintiff should sustain loss and within the times limited deliver notice and claim thereof to the defendant at its home office in Lewis and Clark county, the defendant will, at the end of two months after delivery of the claim, and not before, become immediately liable, or, to describe the condition more accurately, the plaintiff will have the right at the end of the two months, but not before, lawfully to demand and proceed to enforce its right to payment. In short, the defendant's breach was intended to be, and consisted in, its failure to pay at the end of the two months, and until that time the defendant had not broken its covenant. The contract does not, therefore, either expressly or by inference indicate or designate Lewis and Clark county as the place where payment was to be made in case of loss. Nor does the contract indicate that Richland county was intended to be such place, for the words "Equity Co-operative Association of Enid, Montana," while sufficient to indicate that the plaintiff then resided at Enid, do not show or imply that the plaintiff would be a resident of, or within, that county at the time when payment was to be made upon breach by the defendant of its covenant. So neither Lewis and Clark

county nor Richland county is designated by the contract as the place in which it was to be performed.

Broadly speaking, the rule is that if no place for payment be [1] specified or agreed upon, the debtor must, in order to perform his obligation, pay or tender payment to the creditor where the latter may then reside or conduct business or be found. Such was the holding in *State ex rel. Coburn* v. *District Court,* 41 Mont. 84, 86, 108 Pac. 144. The statute law of this state on that subject, appearing in sections 4932 and 4933 of the Revised Codes, states the rule more comprehensively and with greater particularity: "Sec. 4932. An offer of performance must be made to the creditor * * * , if such creditor * * * is present at the place where the offer may be made; and, if not, wherever the creditor may be found. Sec. 4933. In the absence of an express provision to the contrary, an offer of performance may be made, at the option of the debtor: 1. At any place appointed by the creditor; or, 2. Wherever the person to whom the offer ought to be made can be found; or, 3. If such person cannot, with reasonable diligence, be found within the state, and within a reasonable distance from his residence or place of business, or if he evades the debtor, then at his residence or place of business, if the same can with reasonable diligence, be found within the state; or, 4. If this cannot be done, then at any place within this state."

The doctrine rests upon the presumption or implication of law that the intention of the parties was that payment should be made to the creditor at his place of business, or residence, or wherever found, it being the duty of the debtor to seek the creditor. The implication is imported by the law into, and is part of, the contract. Said this court in the *Coburn Case, supra:* "If at the time this contract of employment was entered into there was not any place of payment mentioned, the parties will be held to have intended that the contract should be construed in view of the rule of law above, and what was actually intended becomes as much part of the agreement as any express provision, if there is not anything in the contract inconsistent

therewith''; and Mr. Chief Justice Kent, in *Thompson* v.
*Ketcham,* 8 Johns. (N. Y.) 190, 5 Am. Dec. 332, declared that
''where the operation of a contract is clearly settled by general
principles of law, it is taken to be the true sense of the contract-
ing parties.'' As illustrating the scope of the rule and its effect,
we may remark that the principle forbidding the reception of
prior or contemporaneous oral promises or agreements which
would vary or add to or subtract from the express terms of a
contract reduced to writing, is applicable to oral promises or
agreements which would vary the legal construction or import
of such a contract although not in contradiction of its express
terms.   (*Riddell* v. *Peck-Williamson H. & V. Co.,* 27 Mont. 44,
69 Pac. 241.)

As we have already said, the contract does not designate any
specific place for payment, but does provide by implication of
law that such payment shall be made to the plaintiff at its place
of business or residence or wherever it may be found, and al-
though such place is not specifically designated, it can be made
certain by evidence.   When such place shall have been ascer-
tained, the county where the contract was to be performed will
thereby be designated as such place, for that is certain which
can be made certain.

2. Relator's next contention is that the showing on the
demand for change of venue was sufficient to prove that pay-
ment was to be made at Lewis and Clark county.   For several
reasons this is untenable.   It is to be observed that the demand
for change of venue was based upon the papers and pleadings
in the action, as well as upon the two affidavits.   Now, the com-
plaint, which was duly verified and therefore also an affidavit,
states that at the time the action was commenced the plaintiff
was a corporation of Montana engaged in business at Enid, in
[1a]   Richland county.   The residence of the plaintiff at that
time fixed the rights of the parties in respect of the place of trial
in so far as residence was the controlling element or factor; the
plaintiff's residence at any subsequent time could not be of
[3]   moment.   When the question arises as to whether or not

55 Mont.—22

a change of venue shall be had, the principal place of business of a domestic corporation is its residence. Again, the complaint alleges that none of the provisions in the contract has been altered or waived, and while this is without value as a pleading because no part of the plaintiff's statement of its cause of action, being in attempted denial of an anticipated defense, it was competent, as evidence by way of affidavit, in opposition to the demand for the change, because it affirmed that the contract as reduced to writing, including the implied provision touching the place where payment was to be made, had not been changed or waived; but if this averment should be considered as the statement of the opinion of the affiant, we may remark in passing that it would be at least of as much evidentiary value as the naked statements in the affidavits on behalf of the defendant—assuming them to possess any probative effect at all—that the contract was to be performed in Lewis and Clark county, and, if the view be taken that the opposing averments are of equal value, the one is a setoff to the other two.

Since in legal effect the contract stipulates that payment was to be made at the place of residence or business of the plaintiff, or wherever it might be found within the state, the complaint of itself, or it and the affidavit, thus identified Richland county as that place, unless the contrary was made to appear.

The burden was, of course, upon the defendant to show that [4] a place other than the residence of the plaintiff was agreed upon as the place where payment should be made (*King* v. *Ruckman,* 20 N. J. Eq. 316). The affidavits which were in- [5] tended to prove this supposed fact do not deny that the plaintiff's residence was in Richland county when the action was begun, but contain the statements, as has been noted, that the contract was to be performed by making payment at its home office in Lewis and Clark county. This bald assertion seems, in view of its context, to be merely an expression of opinion by the affiants as to the legal construction or interpretation which should be placed upon the contract. In any event, however, such statements are sheer legal conclusions and were with-

out evidentiary value.   If the contract has been so changed that Lewis and Clark county became the place in which payment was to be made, the burden rested upon the defendant to state the facts establishing the change.   This it utterly failed to do.

The respondents committed no error in denying the demand for a change of venue.   The order to show cause is discharged, the application denied, and the proceeding dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.