STATE EX REL. GENERAL OIL CORPORATION, RESPONDENT, *v.* KELLY, JUSTICE OF THE PEACE, APPELLANT.

(No. 7,080.)

(Submitted May 27, 1933. Decided June 9, 1933.)

[23 Pac. (2d) 555.]

446

Cause submitted on briefs of Counsel.

*Mr. Louis P. Donovan* and *Mr. Henry McClernan,* for Appellant.

*Mr. A. P. Heywood,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

L. C. Bordwell and J. J. Hardie commenced an action against General Oil Corporation in the justice court of Marias township, Toole county, to recover money alleged to be due on a contract. The money was alleged to be due as the consideration agreed to be paid for an assignment of an oil and gas lease. Upon the filing of the complaint, summons was issued and thereafter served upon General Oil Corporation by delivering a copy thereof, together with a copy of the complaint, to F. J. Edwards, secretary of the corporation, at Helena, Lewis and Clark county. The General Oil Corporation appeared specially and moved to quash the service of the summons, on the ground that the court had no jurisdiction of the subject of the action or of the defendant. In support of the motion it filed an affidavit of F. J. Edwards, which was not controverted, and in which it was asserted that the contract sued upon was made in Lewis and Clark county and was by its terms to be performed in Liberty county, and that the principal place of business and the home office of the corporation are in Helena, Lewis and Clark county.

The motion to quash was set for hearing on January 23, 1932, at 10 o'clock A. M., and notice thereof was served by the justice of the peace by mailing a written notice to defendant's counsel in Helena on January 20. The notice after reciting that the motion to quash would be heard on January 23, stated that if the motion is denied "the case will be set for trial on the 25th day of January, 1932, at 10 o'clock A. M." Defendant did not appear on January 23, and the motion to quash was denied on that day and the case was set for hearing on January 25. Defendant failed to appear at the trial, and judgment was entered for plaintiffs.

The General Oil Corporation thereupon applied for and obtained from the district court of Toole county a writ of certiorari to review the proceedings in the justice court.

After hearing in the district court judgment was entered declaring the judgment of the justice court a nullity for want of jurisdiction over the defendant therein. By the judgment the court expressly found that statutes impliedly conferring authority to serve summons of a justice court outside the county where issued, are unconstitutional. This appeal, prosecuted by the justice of the peace, is from that judgment.

In the briefs of counsel the argument on the merits is confined principally to the meaning and effect of section 20, Article VIII, of the state Constitution. That section in part provides that: "Justices' courts shall have such original jurisdiction within their respective counties as may be prescribed by law, except as in this Constitution otherwise provided."

Relator takes the position that sections 9635 and 9636, Revised Codes of 1921, and other legislative enactments which attempt to authorize service of summons of a justice court without the limits of the county where issued, are unconstitutional. Defendant's counsel contend otherwise. In the view we take of the case it is unnecessary to pass upon this question. If the conclusion announced by the trial court is correct, it is immaterial what reasons were assigned. (*Whitcomb* v. *Beyerlein*, 84 Mont. 470, 276 Pac. 430; *Grush* v. *Grush*, 90 Mont. 381, 3 Pac. (2d) 402.)

Our statute, section 9619, Revised Codes 1921, provides where actions must be commenced in a justice court. If the action is commenced in a county other than the proper one as fixed by this statute, the court acquires no jurisdiction. (*Wilcox* v. *Toston State Bank*, 53 Mont. 490, 165 Pac. 292.) That section 9619 prescribes limitations as to the place where an action must be commenced in a justice court, rather than to the place where it may be tried on motion for change of venue, is made apparent by section 9620, which enumerates the cases in which a change of place of trial may be had. The latter section does not authorize a change of place of trial when the action is commenced in the wrong county. When commenced in the wrong county the court acquires no juris-

diction. (*Wilcox* v. *Toston State Bank*, supra.) Where, then, should the action have been commenced?

The affidavit submitted on motion to quash asserts in part that the "contract was by its terms to be performed in Liberty county, Montana." Whether the difference between this language and that used in the cases of *State ex rel. Western Accident & Indemnity Co.* v. *District Court*, 55 Mont. 330, 176 Pac. 613, and *Courtney* v. *Gordon*, 74 Mont. 408, 241 Pac. 233, was sufficient to present an issuable fact as to the place of performance of the contract, we need not now determine. Certainly, the statement in the affidavit "that the alleged contract upon which plaintiffs have brought suit was made in Helena, Lewis and Clark county, Montana," is the statement of a fact as distinguished from a mere conclusion. This statement in the affidavit was not controverted by plaintiffs in the justice court action.

When the motion to quash was ruled on by the justice of the peace, the only information before him was that contained in the complaint and affidavit in support of the motion to quash. There being no denial that the contract was made, and hence the obligation incurred, in Lewis and Clark county, and that being the county of defendant's residence, the action was not properly commenced in Toole county. (Subd. 7, sec. 9619, as construed in *Wilcox* v. *Toston State Bank*.)

The cases of *Courtney* v. *Gordon*, supra, and *State ex rel. Coburn* v. *District Court*, 41 Mont. 84, 108 Pac. 144, holding that the place of performance of a contract to pay money is presumed to be at the creditor's residence or place of business, cannot aid appellant. Subdivision 2 of section 9619 relating to justice court actions specifically provides: "And the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed or paid, unless there is a special contract to the contrary." Here there was no showing made by plaintiffs, on the motion to quash, of a special contract governing the place of performance or payment. Neither was there an allegation (though we think it

immaterial) that plaintiffs' residence was in Toole county at the time the motion to quash was ruled on.

Under section 9619 the action was not shown at the time the motion to quash was ruled on to have been properly commenced in Toole county. The justice court should have sustained the motion. We are asked, however, to reverse the judgment of the district court and to sustain the judgment of the justice of the peace on the ground that when the case was tried before the justice of the peace, evidence was introduced tending to show that defendant agreed to pay plaintiffs in Shelby, Toole county. This we cannot do. Defendant was entitled to a ruling upon its motion on the facts as they were presented when it was heard.

The rule is that a justice court is one of limited jurisdiction and there are no presumptions in favor of its jurisdiction. (*Layton* v. *Trapp*, 20 Mont. 453, 52 Pac. 208; *State* v. *Lagoni*, 30 Mont. 472, 76 Pac. 1044.) All the facts necessary to confer jurisdiction must appear affirmatively from the docket. (*State ex rel. Kenyon* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; *Driscoll* v. *Creighton*, 24 Mont. 140, 60 Pac. 989; *Boucher* v. *St. George,* 88 Mont. 162, 293 Pac. 315; *Peterson* v. *Feely,* 88 Mont. 459, 293 Pac. 667.)

On the record before the justice of the peace at the time of hearing the motion to quash, the court was without jurisdiction of the subject matter or the defendants, and the motion to quash should have been sustained.

Defendant had the right to stand on the ruling as made and was not bound to anticipate that at the trial two days later an effort would be made in its absence to show facts tending to make it appear that the court in fact did have jurisdiction by reason of an agreement to make payment in Toole county. Plaintiffs in the justice court action, if they relied upon such an agreement, should have established it in opposition to the motion to quash. Whether, had they done so, the court would have had jurisdiction over the defendant, which was served with summons in Lewis and Clark county, in

view of section 20, Article VIII of our Constitution, we need not now determine.

Appellant asserts that certiorari is not the proper remedy, since there was available to the defendant in the justice court action the right of appeal from the judgment. The right of appeal was exercised under similar facts in *Wilcox* v. *Toston State Bank,* supra, but there the right to do so was not questioned. In *State ex rel. Chicago, Milwaukee & St. Paul Ry. Co.* v. *Gibb,* 58 Mont. 518, 193 Pac. 1114, it was held that if the justice court was without jurisdiction, none was acquired by the district court on an attempted appeal. We see no reason for departing from the rule announced in the *Gibb Case.*

The judgment appealed from is affirmed so far as it determines that the judgment of the justice court was and is a nullity.

On motion for rehearing the opinion promulgated on June 9, 1933, wherein the same conclusion was reached, is hereby withdrawn and this one substituted therefor. The motion for rehearing is denied.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied July 6, 1933.