ELECTRICAL PRODUCTS CONSOLIDATED, Respondent, v. GOLDSTEIN et al., Appellants.

(No. 7,272.)

(Submitted October 1, 1934. Decided October 17, 1934.)

[36 Pac. (2d) 1033.]

*Mr. Harry Meyer,* for Appellant, submitted a brief and argued the cause orally.

*Mr. John K. Claxton,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action upon an express contract for the payment of money. The action was commenced in the district court of Silver Bow county. Plaintiff, respondent here, alleged in its complaint that in 1932, at Butte, Montana, plaintiff and defendant Jack Goldstein entered into a written contract whereby plaintiff was to furnish defendant with an electric Neon sign

at the latter's place of business in Butte; that defendant agreed to pay plaintiff a monthly rental of $45.80 for five years; that defendant paid the rental up to and including the month of September, 1932; that he thereafter used the sign for a period of eight months, and then the sign was removed. Plaintiff sought to recover $320 as eight months' rental of the sign.

Thereafter summons was served upon defendant Jack Goldstein at Missoula, Montana. He appeared in the action by demurrer. At the same time he filed a motion asking that the cause be transferred to Missoula county, on the ground that at the time the action was commenced and he was served with summons, he was a resident of that county. The motion was supported by his own affidavit disclosing the fact of his residence in Missoula county and the service of summons there.

By amendment of his motion for a change of venue, defendant alleged that "the performance of said contract in so far as it being completed by payments thereof, the subject of this suit, was to be made at the city of Great Falls, County of Cascade, Montana." In support of this allegation he filed an affidavit in which he stated that the payments upon the account were made, according to the terms of the contract, at Great Falls; that all notices and requests for payments were made from Great Falls; that no payments were made in Butte, and that he was never notified of any representative in the city of Butte for the purpose of making collections or receiving payments until so advised by Mr. Claxton.

It does not appear from the complaint that any particular place was designated at which the payments were to be made by defendants. Affidavits of John K. Claxton and C. F. Healy, on behalf of the plaintiff in opposition to defendants' motion, asserted that plaintiff has and maintains an office in the city of Butte, and that Healy, while making the demand upon defendants for payment of the account, was working out of and from the Butte office of plaintiff company.

The matter was submitted to the court upon the pleadings as filed, and the affidavits and counter-affidavits. Thereafter

the court denied the motion for a change of venue. Defendant Jack Goldstein appeals from the order denying the motion.

It will be noted that the complaint does not set forth the contract in full, and does not contain any allegation to the effect that the contract provides a specific place of performance. Such a provision in the contract would be controlling under the terms of section 9096, Revised Codes 1921. This section has had ample construction by this court. In the discussion of the subject this court has had occasion to consider just such a condition as that involved here. In the case of *Courtney* v. *Gordon,* 74 Mont. 408, 241 Pac. 233, the court said: "If the contract does not provide a place of performance, the presumption is that payment is to be made at the creditor's residence, or place of business." (See, also, *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *Silver* v. *Morin,* 74 Mont. 398, 240 Pac. 825; *Hough* v. *Rocky Mountain Fire Ins. Co.,* 70 Mont. 244, 224 Pac. 858; *State ex rel. Schatz* v. *District Court,* 40 Mont. 173, 105 Pac. 554.)

Plaintiff has a place of business in Cascade county. It likewise may have a place of business in Silver Bow county. There is no showing or allegation that it had any such place in Missoula county, the county in which the defendant was served, and to which he seeks to have the action transferred. We may assume that Cascade county is the proper county for trial of the action, and still the defendant cannot put the trial court in error. Section 9097, Revised Codes 1921, provides: "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

Such an action as this one, upon contract, may be commenced in any county in the state, and may be tried in any county, unless the statute is invoked to change the place of trial.

(Compare *Good Roads Machinery Co.* v. *Broadwater County,* 94 Mont. 68, 20 Pac. (2d) 834.)

There can be no doubt about the right of a defendant to compel a transfer to the proper county; but the defendant here is not asking that the transfer be made to the proper county, but rather to another improper county—assuming, as he does, that Silver Bow county is an improper county. (*State ex rel. Schatz* v. *District Court,* supra.)

Since defendant did not move to compel a transfer to the proper county, the trial court ruled correctly. The place of residence or service of process is not a controlling element in this case. (*State ex rel. Interstate Lumber Co.* v. *District Court,* supra.) The order is affirmed.

ASSOCIATE JUSTICES MATTHEWS and ANDERSON concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE ANGSTMAN not sitting.

Rehearing denied November 10, 1934.