LILLIS, Appellant, *v.* CITY OF BIG TIMBER, Respondent.

(No. 7,584.)

(Submitted October 23, 1936. Decided November 4, 1936.)

[62 Pac. (2d) 219.]

*Messrs. Brown & Davis* and *Mr. Melvin N. Hoiness,* for Appellant, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

*Mr. Charles W. Campbell* and *Messrs. Gibson & Smith,* for Respondent, submitted a brief; *Mr. Fred L. Gibson* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from an order of the district court of Yellowstone county granting the defendant's motion for a change of place of trial of this action to the district court of Sweet Grass county.

Plaintiff brought this suit upon a written contract entered into between himself and the defendant city under which he, a civil engineer, agreed to render certain professional services in and about the repair and construction of a municipal waterworks and water system for the defendant. The city agreed to compensate the plaintiff for his services by paying certain definite and specified sums for preliminary work and, in ad-

dition for all of the services rendered under the contract, an amount equal to 5 per cent. of the total cost of the construction of the completed project. The plaintiff's suit was in two counts, the first being upon the written contract. The second is for the reasonable value of his services performed under the written contract. The contract contains no provision relative to the place of performance. The plaintiff is described therein as being of Billings, Yellowstone county, Montana; the defendant is described as a municipal corporation organized under the laws of Montana.

The defendant, after being served with summons in Sweet Grass county, made timely appearance and demand for change of place of trial. In support of this motion defendant filed an affidavit of merits verified by the mayor of the city which recited his residence and official position, that the defendant was a city of the third class, the service of summons in the action in Sweet Grass county, and that he was familiar with and knew the facts which he had fully and fairly stated to his counsel by whom he was advised that the defendant has a substantial and good defense. It is further alleged therein that each of the causes of action is upon a contract which was to be performed in the county of Sweet Grass, Montana, and that the payments under the contract were to be made in that county.

The plaintiff filed a lengthy counter-affidavit from which it appears that he was a bona fide resident of Yellowstone county residing in the city of Billings, where he has a place of business for the practice of his profession of civil engineering equipped with instruments, engineering appliances, and implements. He further set forth in great detail that a substantial part of the work done by him under the contract was performed by him in Yellowstone county, and that the defendant has at various times made payments to him, under the contract, of money through the United States mail.

Plaintiff assigns error upon the order of the trial court granting defendant's motion for change of place of trial. In support of this specification of error he argues three propositions of law, as follows: (1) Actions against municipal corpora-

tions under the laws of this state are not local and their venue is governed by the statutes of the state generally applicable to the trial of actions against persons and private corporations; (2) that Yellowstone county is the proper county for the trial of the action because performance of the particular obligation of the contract, which it is asserted was breached, was to be had in Yellowstone county; and (3) that the affidavit filed in support of the motion for change of place of trial was insufficient as against the affidavit filed on behalf of the plaintiff to warrant the court in granting the motion, in that no facts appear therein from which it can be inferred or found that the contract was to be performed elsewhere than in Yellowstone county.

Counsel contend, under their first proposition, that by reason of the provisions of section 4958, Revised Codes, which declares that every city or town organized under the Act may sue and be sued in all courts and places and in all proceedings whatsoever, the policy has been declared by our legislature of making cities and towns subject to the statutory provisions relative to the place of trial of actions in similar circumstances between persons and private corporations, and that a different rule applies as to cities from that which applies to counties, as was illustrated in our decision in the case of *Good Roads Machinery Co.* v. *Broadwater County,* 94 Mont. 68, 20 Pac. (2d) 834. The rule for which counsel contend is contrary to the general rule as announced in the majority of opinions in the courts of the United States. (Annotation, 93 A. L. R. 501.) In view of our conclusion we need not pass upon this contention, but assuming that it is correct, and further assuming that the obligation as to payments was not concurrent with the other obligations of the contract, we address ourselves to the other contentions of the plaintiff.

Section 9096, Revised Codes, being one of our general statutes applicable to places of trial, provides that actions upon contracts may be tried in the county in which the contract was to be performed, and this statute relates to the particular obligation which it is asserted was violated. (*State ex*

*rel. Western Accident & Indemnity Co.* v. *District Court,* 55 Mont. 330, 176 Pac. 613.) This court has repeatedly held that, where a contract obligates one of the parties for the payment of money but contains no stipulation as to place of performance, the law implies the obligation that it is to be performed in the county of the creditor's residence or place of business. (*State ex rel. Western Accident & Ind. Co.* v. *District Court,* supra; *Electrical Products Consolidated* v. *Goldstein,* 97 Mont. 581, 36 Pac. (2d) 1033, and cases there cited.) The basis of this implication is the statutory provisions of sections 7434 and 7435. It therefore appears, in the absence of express agreement as to place of payment and where the creditor resides at a place different within the state from that of the debtor, the place of residence of the creditor becomes the place of performance, hence the place of trial in an action upon the contract as between individuals and corporations. But does this rule apply to cities and towns?

It is held that a municipal corporation is not required to seek its creditors in order to discharge its debts. (44 C. J. 1167; *Monteith* v. *Parker,* 36 Or. 170, 59 Pac. 192, 78 Am. St. Rep. 768; *Alabama City, G. & A. R. Co.* v. *City of Gadsden,* 185 Ala. 263, 64 So. 91, Ann. Cas. 1916C, 573; *People ex rel. Peoria etc. R. R. Co.* v. *Tazewell County,* 22 Ill. 147; *City of Pekin* v. *Reynolds,* 31 Ill. 529, 83 Am. Dec. 244; *County of Williamson* v. *Farson Leach & Co.,* 101 Ill. App. 328.)

It will be observed from an examination of the foregoing authorities that the rule therein announced, however stated, is announced more or less as an axiomatic proposition with no special reason assigned for the conclusion reached, and therefore we propose to examine certain statutory provisions which are pertinent to the question presented. We propose to consider certain statutes relating to cities, in the light of the rule which this court has frequently adhered to, namely, that where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible,

with a view to giving effect to a consistent legislative policy, but, to the extent of any necessary repugnance between them, the special will prevail over the general. (*Durland* v. *Prickett*, 98 Mont. 399, 39 Pac. (2d) 652, and cases there cited.)

Among the elective officers of cities of the third class is that of city treasurer. (Sec. 4996, Rev. Codes.) He, as well as all other officers, must be a resident of the city for not less than two years preceding election or appointment. (Sec. 5007.) If he absents himself from the city continuously for ten days without the consent of the council, his office may be declared vacant by the council. (Sec. 5013.) The legislature has provided that the duties of the city treasurer, among others, shall be to receive all moneys that come to the city either from taxation or otherwise, and to pay the same out on the warrant of the mayor, countersigned by the clerk, drawn in accordance with law. He is required to keep a register of all warrants paid which must show the date, amount and number and to whom paid and the fund from which paid. Furthermore, he must pay out in the order in which they are registered all warrants presented for payment when there are funds in the treasury to pay the same. (Sec. 5034.) The treasurer must register warrants when presented for payment and there are no funds from which to pay them, and from such date of registration the warrants draw interest. (Secs. 5081, 5083.) Accounts and demands against the city must be presented to the council duly itemized and verified. (Sec. 5078.) These accounts and demands, if found correct by the council, must be allowed and an order made that they be paid. Thereupon the mayor must draw a warrant upon the treasurer in favor of the owner specifying for what purpose and by what authority it is issued and out of what fund it is to be paid, and the treasurer must pay the same out of the proper fund. (Sec. 5079.) The mayor is required to sign all warrants. (Sec. 5031.)

It is thus apparent that the machinery provided by statute for the liquidation of debts against a city requires that

212

warrants shall be issued for the amount of such indebtedness; they must be paid out of the city treasury by the treasurer. It is therefore pertinent to inquire, What is a city warrant? In the case of *State ex rel. O'Connor* v. *McCarthy*, 86 Mont. 100, 282 Pac. 1045, 1048, this court defined a "warrant" as follows: "A city warrant is a command of the council, whose duty it is to pass upon the validity and determine the amount of the claim presented to the council and represented by the warrant, to the treasurer to pay the amount found due out of the fund designated to the designated person, and is notice to the treasurer that the claim has been duly adjusted and allowed. (2 Dillon on Municipal Corporations, 5th ed., 1283)." In the case of *Hornblower* v. *City of Pierre*, (C. C. A.) 241 Fed. 450, 453, it was declared: "But under the established law of the land the warrants of a municipal or quasi municipal corporation * * * are in fact only the orders of one of its officers upon another of its officers to pay some of its funds to a third party."

However, as often pointed out, a warrant possesses none of the attributes of commercial paper, except the capacity of being transferred by delivery or assignment. (6 McQuillin on Municipal Corporations, 2d ed., 75; *City of Nashville* v. *Ray*, 19 Wall. 468, 22 L. Ed. 164.) This court has held that county warrants are not negotiable instruments in the sense of the law merchant so that, when held by a bona fide purchaser, evidence of their invalidity or of defenses available against the original payee would be excluded. The transferee takes them subject to all legal and equitable defenses which exist to them in the hands of the payee. (*State ex rel. Case* v. *Bolles*, 74 Mont. 54, 238 Pac. 586, 588.)

The contract in question obligates the defendant to pay the plaintiff money. Plaintiff by his suit is seeking to recover money. Any warrant that might be issued to the plaintiff, or may have been issued, was nothing more than a command to the city treasurer to pay the plaintiff the amount of money therein specified if in the treasury in the proper

fund, and, if not there, it became the duty of the treasurer. to register the warrant and pay it in the order of registration. While it is not expressly declared by the statute to be the duty of the holder of a warrant to present it for payment, it is clear, in view of these various statutory provisions, that one desiring payment must make presentation of his warrant and that the warrant must be presented to the city treasurer. Until so presented and paid, the obligation of the city would not be fully performed. The place of performance of that obligation, reading these statutes together, is at Big Timber, and therefore Sweet Grass county is the proper county for the trial of this action.

It is argued that the affidavit of the mayor was insufficient in that the statement found therein that the contract was to be performed at Big Timber was a mere conclusion of law and, therefore, ineffectual. We think the statement was a conclusion of law and ineffectual to state a fact. However, the statutes to which we have referred are the statutes of this state and as such must be judicially noticed by the courts. (Sec. 10532, Rev. Codes; *State ex rel. Odenwald* v. *District Court,* 98 Mont. 1, 38 Pac. (2d) 269.) Statutes of which the courts take judicial notice need not be pleaded. (*Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326.)

No error was committed by the trial court in granting the motion for change of place of trial. The order appealed from is affirmed.

Associate Justices Stewart and Morris concur.

Mr. Chief Justice Sands and Mr. Justice Matthews, being absent, did not hear the argument and take no part in the foregoing decision.