CLARK FORK PAVING, INC., A MONTANA CORPORATION, PLAIN-
TIFF AND APPELLANT, *v.* ATLAS CONCRETE & PAVING ET AL.,
DEFENDANTS AND RESPONDENTS.

No. 13953.
Submitted Sept. 28, 1977.
Decided July 21, 1978.
582 P.2d 779.

Tipp, Hoven & Skjelset, Missoula, Raymond P. Tipp argued, Missoula, for plaintiff and appellant.

Robert L. Johnson argued, Lewistown, for defendants and respondents.

MR. JUSTICE SHEEHY delivered the opinion of the Court.

This is an appeal from an order from the District Court, Fourth Judicial District, Sanders County, denying defendants' motion for a change of place of trial from Sanders County to Missoula County.

On June 10, 1977, the plaintiff filed his complaint, setting forth two claims against the defendants. The first claim alleges that in March 1975 the defendants entered into an agreement with the plaintiff Clark Fork to purchase certain concrete production and distribution equipment and supplies from Clark Fork for a stated price. The agreement called for defendants, Williams and Atlas to take immediate possession of all the equipment and supplies, for Williams and Atlas to assume certain accounts payable by Clark Fork and for Williams and Atlas to enter into a written contract and security agreements with Clark Fork to embody the oral agreement. Based upon the oral contract, it is alleged that Williams and Atlas took possession of the equipment and supplies in March 1975 in Sanders County from Clark Fork.

It is also alleged that thereafter the defendants refused to enter into a written agreement or to provide security agreements, that they have kept the production and distribution equipment and supplies, and that they have not paid the creditors of the plaintiff that defendants agreed to pay. In essence it is alleged that the promises were made by way of fraud to induce the plaintiff to turn over the property to the defendants. The first claim asks for damages for the value of the property, and also for exemplary damages against the defendants.

The second claim alleges much of what is set forth in the first claim. However in the second claim it is further alleged that as part of the oral agreement in March 1975, Clark Fork executed and delivered to the defendants an assignment of its rights in a certain purchase agreement with a third company, Inland Terminal Warehouse Company, by virtue of which assignment Atlas Concrete and Paving, Inc. was substituted in the place and stead of Clark Fork Paving, Inc. in whatever rights and responsibilities plaintiff had with respect to the Inland Terminal contract.

The second claim seeks a cancellation of the written assignment and the return of the goods received thereunder, if any, to the plaintiff Clark Fork.

The summons was served on June 10, 1977 upon the defendants, each in Missoula County, personally upon the defendant, Williams, and upon Atlas by serving Williams as its president.

On June 23, 1977, the defendants each appeared and moved the court for an order changing the venue of the cause from the County of Sanders to the County of Missoula. The motion is supported by an affidavit of the defendant, Williams, who states that the defendant Atlas is a Montana corporation with its corporate offices located in Missoula County, Montana and that he personally is a resident of Missoula County, Montana.

The plaintiff responded to the motion for change of venue by filing two affidavits, each in effect stating that a substantial portion of the personal property covered in the plaintiff's first claim was at the time the complaint was filed located within Sanders County; that the repudiated contract was negotiated in Sanders County and that the payments under the contract were to be made to the plaintiff in Sanders County; further, that the assignment which is the subject of the second claim was also negotiated and delivered in Sanders County.

The defendants filed a brief opposing a motion for a change of venue but did not appear to argue the matter on July 12, 1977, the date set for the hearing on the motion for change of venue. Moreover, no further evidence by way of testimony or affidavit with

respect to the motion was presented by the defendants at that time, so that the affidavits of the plaintiff remain uncontroverted.

On July 12, 1977, the district court denied the motion for change of venue.

On July 18, 1977, the defendants filed a motion to dismiss the complaint of the plaintiff on the general grounds that the complaint failed to state a claim against the defendants upon which relief could be granted. That motion was presented to the district court and overruled on July 26, 1977.

On August 5, 1977, the plaintiff filed his motion to sever the second claim of the complaint for separate trial by the court. On August 9, 1977, the defendant filed a notice of appeal on the order of the court denying the motion for a change of venue.

On the day before the notice of appeal was filed, plaintiff had filed his first request for admissions, addressed to the defendants.

On August 9, 1977, the district court set a date for hearing the motion to separate the second claim for trial for August 23, 1977. This was done on the ground that under section 93-8011, R.C.M. 1947, it was possible for the district court to proceed as to matters not embraced in the appeal, even though an appeal was pending from the denial of the motion of change of place of trial. This hearing date was later postponed to September 27, 1977. In the meantime, the defendant applied to this Court for an order staying proceedings in the district court pending appeal and that order was granted by this Court on September 6, 1977. On September 9, 1977, the defendants filed their answers to the request for admissions which the plaintiff had previously served upon them.

The principal question for us to decide is the propriety of the order of the court denying the motion for change of place of trial. Depending on the answer to that question, we can determine whether the subsequent actions of the district court in handling the case were proper, or whether defendants waived the venue issue.

Section 93-2904, R.C.M. 1947, provides:

"In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement

of the action, * * *. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; * * *."

Possibly no statute has spawned more litigation in this state than section 93-2904 relating to the proper place of trial. Year after year we are called upon to interpret anew what are seemingly simple code provisions, and to explain again the impact of our decisions under the statute. Out of the mountain of cases that have arisen, these rules have visible peaks: The principal rule is that the action shall be tried in the county in which the defendant or any of them, may reside at the commencement of the action. Section 93-2904, R.C.M.1947; *Hardenburgh v. Hardenburgh*, (1944) 115 Mont. 469, 481, 146 P.2d 151, 155; *Love v. Mon-O-Co Oil Corp.*, (1957) 133 Mont. 56, 319 P.2d 1056. The word "may" found in the performance exception of the statute is to be read as a permissive word, and not as the imperative "must". See *Hardenburgh*, supra, 115 Mont. at page 487, 146 P.2d [151] at page 158.

In *Hardenburgh*, supra, the Court said:

"We further hold that the provisions of the first sentence of [93-2904] applies to all actions upon contract and to all actions for torts but that such provisions are not exclusive, for a tort action may also be tried in the county where the tort was committed and actions on contract *may* also be tried in the county in which the contract was to be performed provided that the contract sued upon indicates, either in terms or by express implication therefrom, a particular county in which it was to be performed other than the county in which the defendant may reside at the commencement of the action." 115 Mont. at pages 487, 488.

In *Love v. Mon-O-Co Oil Corp.*, supra, the Court set out again the rule with respect to the place of trial for action on contracts:

"The law does not require that the parties to a contract agree upon a place for the performance of their contract, but it permits them to so agree. When, at the time of contracting, the parties have agreed upon a particular county wherein they mutually intended their contract was to be performed, such agreement will be respect-

ed and given effect, for it is a part of the freedom of contract to select the place where a contract shall be performed. In order to give full effect to the mutual intention of parties, the legislature has enacted, as a permissive exception to the general venue rule declared in the first sentence of section 93-2904 an additional provision, appearing in the second sentence of the section, designating the county wherein at the time of contracting, the parties had agreed their contract was to be performed as a proper county for the trial of an action based thereon. This performance exception, however, applies only to such actions as are based upon contracts which plainly show, either (a) by their express terms, or (b) by necessary implication therefrom, that the contracting parties, at the time of contracting, did mutually agree upon a particular county, other than that of defendant's residence, wherein they intended that their contract was to be performed." 133 Mont. at page 61, 319 P.2d [1056] at page 1059.

 The burden of proof is upon the moving party seeking the change of place of trial, *Rapp v. Graham*, (1965) 145 Mont. 371, 373, 401 P.2d 579, 581. Whether the order for change of place of trial will be granted depends upon the status of the parties and the pleadings at the time of the motion. *Boucher v. Steffes*, (1972) 160 Mont. 482, 485, 503 P.2d 659, 660.

 When affidavits supplied by one of the parties with respect to the motion of change of place of trial are uncontradicted, the statements of facts set forth therein must be taken as true, *Fraser v. Clark*, (1954) 128 Mont. 160, 173, 273 P.2d 105, 112. As this Court said in *State ex rel. General Oil Corporation v. Kelly*, (1933), 94 Mont. 445, 23 P.2d 555, involving the jurisdiction of a justice of peace court, but applicable here:

"When the motion to quash was ruled on by the justice of the peace, the only information before him was that contained in the complaint and affidavit in support of the motion to quash. There being no denial that the contract was made, and hence the obligation incurred, in Lewis and Clark county, and that being the county of defendant's residence, the action was not properly com-

menced in Toole county." 94 Mont. at page 449, 23 P.2d at page 556.

With the statement of the foregoing rules, it follows that the district court was correct in denying the motion for change of venue in this case. Here the contract was negotiated and entered in Sanders County, delivery of the property was made in Sanders County and it appears by necessary implication that the contract itself was to be performed in Sanders County. The instrument of assignment was also negotiated and delivered in Sanders County. Inland Terminal, which the defendants agreed to pay, is not a resident of the State of Montana and so the performance of that particular part of the contract has no bearing in the decision of this case. It is clear from the status of the pleadings and the uncontroverted facts here that this contract was to be performed in Sanders County. In that case the plaintiff had a choice of which county in which to sue, either in Sanders County, the place of performance or in Missoula County, the place of defendants' residence. Since the plaintiff has chosen Sanders County, the defendants may not now obtain a change of place of trial to their county of residence.

Since this decides the principal issue in the case, there is no need to discuss the further issues raised with respect to waiver and the subsequent proceedings had in the district court following the denial of change of place of trial.

Affirmed.

·MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON and SHEA concur.