MR. JUSTICE SHEEHY,
concurring and dissenting:
I concur that the petition here should be dismissed. I dissent from the reasons stated by the majority for the dismissal.
In the general election of November 4, 1986, Initiative 104 did not muster enough votes from the electorate to become law. Because of the failure of the Initiative to gain passage, the issues raised by the petition, filed before the general election, have become moot. For that reason alone, the petition should be dismissed. There is no reason to discuss the issues raised by the petition further.
I dissent from the reasons given for the dismissal of the petition by the majority because those reasons are wrong in law and in logic.
The implication to be gained from the majority opinion is that unless the opponents of an initiative measure proceed under Section 13-27-316(2), MCA, they are thereby precluded from any other judicial relief from a flawed initiative proposal. That implication is reached without an adequate discussion in the majority opinion as to the statute that is involved nor its interpretation.
Section 13-27-316(2), is permissive rather than mandatory. Its permissive character is not discussed in the majority opinion and for purposes of this dissent, I set it forth here.
“(2) If the opponents of a ballot measure believe that the statement of purpose, the statements of implication of a vote, or the fiscal statement formulated by the attorney general pursuant to 13-27-312 do not satisfy the requirements of 13-27-312, they may, within 10 days of the date of certification to the governor that the completed petition has been officially filed, file an action in the district court in and for the county of Lewis and Clark challenging the adequacy of the statement and requesting the court to alter the statement. (Emphasis added.)”
Two things ought to be clear from a reading of the foregoing statute. First, it pertains only to statements, and secondly, it is permissive, since the statute uses the word “may.”
In our dissent in Cause No. 86-400, entitled State of Montana, ex rel., Montana Citizens for the Preservation of Citizens’ Rights, et al., plaintiffs and relators vs. Jim Waltermire, Secretary of State, *236 et al., defendants and respondents, and Montana Liability Coalition, real party in interest [224 Mont. 273,] 729 P.2d 1283, [43 St. Rep. 1869], we discussed the effect of that statutory provision. We said in our dissent:
“It is important to note that Section 13-27-316 is not an imperative statute. The word ‘may’ must be interpreted as permissive only. This Court has had a bitter experience in interpreting the word ‘may’ as ‘must,’ which it did in State ex rel. Interstate Lumber Company v. District Court (1918), 54 Mont. 602, 172 P. 1030. The holding was repudiated in Hardenburgh v. Hardenburgh (1944), 115 Mont. 469, 146 P.2d 151, and in Johnson v. Ogle (1945), 117 Mont. 419, 159 P.2d 337. Following up on these cases, this Court in Love v. Mon-O-Co Oil Corporation (1958), 133 Mont. 56, 319 P.2d 1056, again decided that the word ‘may’ should not be given the force of ‘must.’ Our last expression on the subject occurred in Clark Fork Paving, Inc. v. Atlas Concrete and Paving (1978), 178 Mont. 8, 582 P.2d 799, 781, where we said that the word ‘may’ as an exception to the statute [a venue statute] ‘needs to be read as a permissive word, and not as the imperative must.’ ”
The majority opinion does not discuss this statute nor whether it is now by implication giving the word “may” the imperative force of “must” as far as legal actions to correct statements in initiative proposals are concerned. The implication in the majority opinion is that a failure to apply to the District Court in Lewis and Clark County within 10 days of the day of certification to the governor precludes all further judicial review of initiative proposal. That is an unwarranted, unnecessary and improper restriction on the judicial power. When initiative proposals affect directly the interests of the whole people of this state, when the public is vitally interested in the matter, and when the liberties or the property of the people of this state are involved, we should as a Court insist on the full jurisdiction of the district courts and of this Court to review and protect those rights and liberties.
The second issue adverted to by the majority opinion but not properly treated is whether Initiative 104 contained more than one subject.
Article V, Section 11(3), 1972 Mont. Const., provides that: “[e]ach bill . . . shall contain only one subject, clearly expressed in this title.” We held in State ex rel. Steen v. Murray (1964), 144 Mont. 61, 66, 394 P.2d 761, 764, that the provisions of a like constitutional *237 section in the 1889 Montana Constitution applied to initiative procedures.
Because Initiative 104 failed to gain the approval of the electorate, whether the initiative was multiplicitous is also now moot. Instead of so treating the issue, the majority opinion considers the issue foreclosed because the opponents did not bring an action within 10 days from the governors’ certification under Section 13-27-316(2), MCA. That basis for handling the issue is clearly wrong. Section 13-27-316(2) applies to actions brought with respect to the statements contained in the Initiative. The statute does not apply to objections such as multiplicity in an initiative proposal. An initiative which is multiplicitous cannot be cured through an amendment of a statement of purpose because the statement itself will be multiplicitous if it correctly portrays the effect of the initiative. Clearly the right to resort to the judicial power to correct multiplicitous initiatives cannot be considered circumscribed, limited and prohibited by Section 13-27-316(2).
For the reasons foregoing, although I concur in the dismissal of the petition here, I cannot agree with the majority in the reasons given for the dismissal.
MR. JUSTICES HUNT and MORRISON concur in the dissent of MR. JUSTICE SHEEHY.